ANN ADAMS ET AL. *v.* B. FRANKLIN VAILL ET AL.

KING, C. J., ALCORN, HOUSE, THIM and RYAN, Js.

Argued October 16—decided November 18, 1969

*Paul Smith,* with whom was *Alexander M. Hart,* for the appellant (defendant The Lime Rock Corporation).

*Bourke G. Spellacy,* with whom was *Stuart N. Updike,* for the appellees (plaintiffs).

HOUSE, J.   This action was commenced in 1958 with the plaintiffs' complaint that the operation by the defendant The Lime Rock Corporation, hereinafter referred to as the defendant, of a track for the racing of automobiles "generally without mufflers or other devices to silence the exhaust from such engines" constituted "a nuisance and irreparable injury" to the plaintiffs.   The plaintiffs sought a permanent injunction to abate the alleged nuisance. The court *(Shea, J.)* filed a memorandum of decision which noted: "The noise becomes irritating, annoying, and disturbing to the comfort of the community when the race track is used by unmufflered engines for an extended number of hours.   In fact, there is little or no complaint to be made against the operations upon the track when it is used by vehicles which are mufflered."   On May 12, 1959, the court rendered judgment finding the issues for the plaintiffs and enjoining sports car racing upon the track in violation of certain specifically enumerated limitations and restrictions.

The injunction prohibited all activity upon the track on Sundays.   It permitted "mufflered activity" on any weekday between 9 a.m. and 10 p.m. with the proviso that on not more than six occasions in any one calendar year such activity might continue beyond 10 p.m.   It expressly provided that "[p]ermissible mufflers are those which meet the standards set forth in Section 14-80 (c) of the General Statutes of Connecticut, Revision of 1959, or as the same may be amended from time to time."   The decree then specified the times when "[a]ctivity with unmufflered engines may be permitted."   Without our

reciting the precise details, it suffices to note that the decree permitted activity with unmuffled engines between noon and 6 p.m. on Tuesday of each week, between 9 a.m. and 6 p.m. on ten Saturdays a year, between 10 a.m. and 6 p.m. on the Friday preceding each of the ten selected Saturdays, and between 9 a.m. and 6 p.m. on Memorial Day, the Fourth of July and Labor Day.

In March, 1966, pursuant to a stipulation of the parties, the court amended the decree to define more precisely what sports car racing activities were proscribed and what were permitted. The amended decree made no significant changes in the times when the use of mufflered and unmuffled racing cars were permitted and, as in the original decree, referred to General Statutes § 14-80 (c) "as the same may be amended from time to time" as the standard for determining what mufflers are "permissible."

Until 1967, § 14-80 (c) of the General Statutes not only required that each motor vehicle operated by an internal combustion engine be equipped with a muffler or mufflers designed to prevent excessive, unusual or unnecessary exhaust noise "which muffler or mufflers shall be maintained by the owner in good working order and in constant operation" but also provided that "[n]o person shall use upon a motor vehicle a muffler or mufflers lacking interior baffle plates or other effective muffling devices, a gutted muffler, a muffler cutout or a straight exhaust while such motor vehicle is being operated upon a street or highway." In 1967, the General Assembly by Public Act No. 846 amended this latter sentence (contained in § 14-80 [c]) by, inter alia, deleting the words "while such motor vehicle is being operated upon a street or highway." The 1967 amendment

made no change in the express requirement that the muffling device required on all internal combustion engines "shall be maintained by the owner in good working order and in constant operation." It did, on the other hand, add a provision that no person, including an owner or repairer "shall remove all or part of any muffler on a motor vehicle except to repair or replace such muffler or part for the more effective prevention of noise." Public Acts 1967, No. 846.

In July, 1968, after the effective date of No. 846 of the 1967 Public Acts, the plaintiffs moved for a modification of the "Judgment and Injunctive Order" of March 2, 1966, to prohibit the operation and use of unmuffled motor vehicles on the Lime Rock Race Track since, they contended, the statutes now clearly prohibited the operation and use of an unmuffled motor vehicle not only upon streets and highways but anywhere in the state.

The court *(Wall, J.)*, after reciting the 1959 injunction, its modification in 1966, the plaintiffs' 1968 motion for modification, that the parties appeared and were at issue, and that the court found the issues for the plaintiffs, rendered judgment modifying the 1966 injunction to prohibit the operation and use of unmuffled motor vehicles on the defendant's track and ordering the defendant to cease and desist immediately from sponsoring the racing of unmuffled vehicles. It is from this judgment and modification of the injunction that the defendant has taken the present appeal.

It cannot be doubted that courts have inherent power to change or modify their own injunctions where circumstances or pertinent law have so changed as to make it equitable to do so. *System Federation* v. *Wright,* 364 U.S. 642, 647, 81 S. Ct.

368, 5 L. Ed. 2d 349; *Collens* v. *New Canaan Water Co.*, 155 Conn. 477, 494, 234 A.2d 825; *Ladner* v. *Siegel*, 298 Pa. 487, 148 A. 699; 42 Am. Jur. 2d 1140, Injunctions, § 334; see also notes, 136 A.L.R. 765, 68 A.L.R. 1180; 78 Harv. L. Rev. 994, 1080; 46 Mich. L. Rev. 241. The action of the General Assembly in 1967 not only left unchanged the requirement that each motor vehicle operated by an internal combustion engine be provided with a muffler which shall be maintained by the owner "in good working order and in constant operation" but extended the scope of the express prohibition against the use of motor vehicles without effective muffling devices by removing the original statutory provision limiting the prohibition against their use to streets and highways.

We have had recent occasion to repeat the rules applicable to the construction of statutes. It is the expressed intent of the legislature which controls, and that intent is to be found in the meaning of what it says. *State* v. *Moore*, 158 Conn. 461, 465, 262 A.2d 166; *Little* v. *Ives*, 158 Conn. 452, 455, 262 A.2d 174. "It is a rule of statutory construction that the legislature is presumed to know all the existing statutes and that when it enacts a law it does so in view of existing relevant legislation, intending the statute enacted to be read with the pertinent existing legislation so as to make one consistent body of law." *Jennings* v. *Connecticut Light & Power Co.*, 140 Conn. 650, 665, 103 A.2d 535. We find no error in the conclusion of the court that, by amending, in 1967, subsection (c) of § 14-80 of the General Statutes to delete the words "while such motor vehicle is being operated upon a street or highway," the General Assembly prohibited the operation and use of an unmuffled motor vehicle

everywhere within the state.[1]  In these circumstances, where the court's decree expressly authorized unmuffled automobile racing and, by subsequent action of the General Assembly, the operation of an unmuffled motor vehicle anywhere in the state became illegal, it cannot be held that the court committed error in modifying the injunction so that it did not purport to authorize an activity which the statutes prohibited.

The remaining assignments of error which the defendant has pressed require but brief mention. That the plaintiffs were entitled to equitable injunctive relief from the maintenance of a nuisance had already been determined in the original proceedings, which were commenced with a verified complaint containing an allegation of irreparable injury. Those issues were, after a hearing, determined in favor of the plaintiffs.  The issue in the present proceedings involved only the quantum of equitable relief under the changed circumstances, the right to equitable relief having been previously adjudicated. There exists no requirement that the motion for modification of the injunction be verified or that the plaintiffs again allege irreparable injury, and the defendant has cited no authority to the contrary. Although the defendant assigns as error that the injunction was modified without affording it a hear-

---

[1] We do not overlook the fact that the General Assembly, in its 1969 session, further amended subsection (c) of General Statutes § 14-80 to provide an exception to this prohibition by adding the clause "when such motor vehicle is operated in a race, contest or demonstration of speed or skill with a motor vehicle as a public exhibition in accordance with the provisions of subsection (a) of section 29-143." Public Acts 1969, No. 17. This subsequent amendment, however, does not render the present appeal moot since it appears that there is litigation pending, the outcome of which is dependent, at least in part, upon the legality of the existing injunction as modified.

ing in support of its objection to the plaintiffs' motion, the record does not support this contention. The sole basis of the plaintiffs' motion for modification was the passage of No. 846 of the 1967 Public Acts. The defendant filed a formal objection to the granting of the motion and a brief in support of its contentions, and, according to the judgment as rendered, the court heard the parties on the merits of the plaintiffs' motion.

Three of the defendant's assignments of error are predicated on the theory that the injunction as modified improperly prohibits "an alleged threatened commission of an alleged criminal act." We do not so construe the modified decree of the court. Having found that unrestricted racing events on the defendant's track constituted a nuisance and caused irreparable injury to the plaintiffs, the court prescribed the limitations under which such racing should be permitted and by its decree expressly authorized a limited number of racing events with unmuffled engines. When, by subsequent statute, the operation of unmuffled motor vehicles became illegal, the court properly modified its decree so that it did not affirmatively authorize the performance of illegal acts.

Cases such as *Wright* v. *Georgia,* 373 U.S. 284, 83 S. Ct. 1240, 10 L. Ed. 2d 349, and *Raley* v. *Ohio,* 360 U.S. 423, 437, 79 S. Ct. 1257, 3 L. Ed. 2d 1344, cited by the defendant, in which criminal statutes were held, because of vagueness, to be repugnant to the fourteenth amendment to the United States constitution, are not applicable to the decree in the present case. Where injunctive relief is granted, the decree should be sufficiently clear and definite in its terms for the defendant to be able to determine with reasonable certainty what conduct on

his part is required or prohibited. *Labbadia* v. *Bailey,* 147 Conn. 82, 86, 157 A.2d 237; *Baldwin* v. *Miles,* 58 Conn. 496, 502, 20 A. 618. On the record before us, we cannot hold that the injunction as modified fails to meet this requirement. See *Smith* v. *Peterson,* 131 Cal. App. 2d 241, 280 P.2d 522. The form of the injunction does not appear to be improper or unreasonable. "There is nothing in the record which would justify us in holding that the injunction as issued in this case transcends the proper limits of the trial court's discretion." *Krulikowski* v. *Polycast Corporation,* 153 Conn. 661, 669, 220 A.2d 444. Should circumstances arise as to which there is uncertainty as to the more precise rights or duties of the defendant, the court is open to the defendant to seek any necessary clarification.

There is no error.

In this opinion the other judges concurred.