## In re Juvenile Appeal (1983–3)*

Appellate Session of the Superior Court

SPADA, J. The issue raised on appeal is whether a juvenile has a right to counsel at the dispositive stage of a delinquency hearing.

The facts giving rise to this appeal are not in dispute. On December 15, 1981, the trial court adjudicated the juvenile in the present case to be delinquent because of his violation of General Statutes § 53a-115 (a) (2).[1] At the beginning of the dispositional hearing on January 26, 1982, prior to sentencing, the trial court granted

---

*In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 1092, the names of the parties involved in this appeal are not disclosed.

Reporter of Judicial Decisions

[1] "[General Statutes] Sec. 53a-115 (a) (2). CRIMINAL MISCHIEF IN THE FIRST DEGREE: CLASS D FELONY. (a) A person is guilty of criminal mischief in the first degree when . . . (2) with intent to cause an interruption or impairment of service rendered to the public and having no reasonable ground to believe that he has a right to do so, he damages or tampers with tangible property of a utility or mode of public transportation, power or communication, and thereby causes an interruption or impairment of service rendered to the public . . . ."

an oral motion to withdraw by counsel for the minor. Thereupon, the court immediately proceeded with the dispositional phase and committed the juvenile to the custody of the commissioner of the department of children and youth services for a period not to exceed two years. The juvenile was not represented by counsel at the sentencing.

Delinquency hearings are expressly bifurcated into adjudicatory and dispositional phases. Practice Book § 1033. In the adjudicatory phase of the hearing, the court determines the validity of the facts alleged in the petition. Practice Book § 1033 (1). During the dispositive phase, the court decides how the juvenile may, "in a manner and fashion compatible with the community's well-being, be most effectively offered remedial guidance, protection, and discipline." Practice Book § 1033 (2).

It is fundamental that a juvenile has a constitutional right to counsel at the adjudicatory stage of the proceedings. *In Re Gault,* 387 U.S. 1, 87 S. Ct. 1428, 18 L. Ed. 2d 527 (1967). Although the *Gault* court was not directly concerned with the dispositional process, it nevertheless declared that "in all cases children need advocates to speak for them and guard their interests, *particularly when dispositions are made."* (Emphasis added.) Id., 39n.

The statutes authorizing the appointment of counsel in juvenile proceedings are sufficiently broad to support the juvenile's claim that it was error to impose sentence without the assistance of counsel. General Statutes § 46b-135 (a) provides in relevant part that "[a]t the commencement of any proceeding on behalf of a delinquent child . . . the child shall have the right to counsel . . . ." This statute does not restrict "any proceeding" solely to the adjudicatory stage. The proceeding

is the hearing and the hearing is bifurcated between the adjudicatory and dispositive phases. Practice Book § 1033 (1).

The statute and our procedure are unequivocal in the juvenile's right to counsel during both stages of the hearing. It is axiomatic that, where the words of a statute are unambiguous, "[i]t is the expressed intent of the legislature which controls, and that intent is to be found in the meaning of what it says." *Adams* v. *Vaill,* 158 Conn. 478, 483, 262 A.2d 169 (1969).

Additionally, General Statutes § 46b-136 states that "[i]n any proceeding on a juvenile matter the judge before whom such proceeding is pending shall, even in the absence of a request to do so, provide an attorney to represent the child . . . and in any proceeding in which the custody of a child is at issue, such judge shall provide an attorney to represent the child . . . ." This obligation is paralleled in Practice Book § 1045 (2) (b).

The effect of the trial court's sentence was to transfer custody of the juvenile from his parents to the commissioner of the department of children and youth services. In matters of custody transfers of juveniles, both our statutes and procedural rules necessitate the presence of counsel. Under these circumstances, the dispositional phase was fatally flawed.

The state's principal argument is that the juvenile waived his right to counsel by his silence after the withdrawal of his attorney. The standard for waiver is " 'an intentional relinquishment or abandonment of a known right or privilege . . . . [which] must depend, in each case, upon the particular facts and circumstances surrounding that case, including the background, experience, and conduct of the accused.' " (Citations omitted.) *State* v. *Acquin,* 187 Conn. 647, 666, 448 A.2d 163 (1982).

The present record provides no basis upon which we can conclude a knowing and perceptive waiver was made. *O'Keefe* v. *St. Francis's Church,* 59 Conn. 551, 561, 22 A. 325 (1890). Waiver can never be presumed by the silence of a juvenile. The test for a knowing waiver in the case of a juvenile ought to be strictly and narrowly applied.

Although the juvenile's parents were present at the disposition, it is undisputed that they sought his commitment. Because the juvenile was bereft of counsel and without the support of his parents, we reject the state's contention that his silence under these circumstances was tantamount to a waiver. Acceptance of the state's argument would ignore the advancements recently enacted in the area of juvenile jurisprudence.

There is error, the judgment is set aside and the matter is remanded for a new dispositional hearing.

In this opinion DALY and COVELLO, Js., concurred.