[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION CT Page 9875
ON MOTION FOR CONTEMPT
The defendant Carl A. Neri has moved that the plaintiffs Alan A. Neri and Neri Bros. Construction Corp. be found in contempt of court for violating the order of court entered on May 4, 1992 and orders issued on other later dates. At the hearing on the motion, it became apparent that the defendant's principal claim was that the plaintiffs had not complied with an order issued by the court (DeMayo, J.) from the bench at the end of a hearing held on September 8, 1992. It is true that Judge Demayo ordered that some records of the plaintiff Neri Bros. Construction Corp. should be produced. In entering the order however, the court asked plaintiffs' counsel to produce documents and simply endorsed a list of documents being recited by defendant's counsel. The court then added a statement that what the defendant wanted was "the elements of an accounting." The production order was not precise. The plaintiffs did later produce some documents for the defendant, but the defendant was not satisfied with the scope of the documents produced.
The defendant cannot be held in contempt of the court's order issued on September 8 because of the lack of clarity in the court order. It is not clear from the order exactly what documents were to be produced. An injunction should be sufficiently clear and definite in its terms so the defendant can determine with reasonable certainty what conduct is required or prohibited. Adams v. Vaill, 158 Conn. 478, 485 (1969).
The plaintiffs have expressed a willingness to have the defendant Carl A. Neri review the books and records of Neri Bros. Construction Corp. The parties have been unable, however, to agree to a procedure for doing so and both sides have asked the court to establish such a procedure. Accordingly it is hereby ordered that the defendant Carl A. Neri may examine and copy the books and records of Neri Bros. Construction Corp. in the following manner:
1. On Saturday, November 7, 1992, the plaintiff Alan A. Neri will make available at the rear building at 35 Lumberyard Road, Clinton, between the hours of 8 o'clock a.m. and 12 o'clock CT Page 9876 noon, all of the books and records of Neri Bros. Construction Corp. which have been generated since May 4, 1992. (the "Documents") Alan A. Neri is not to be present when the Documents are to be made available, but he is responsible for compliance with this order. Helen Neri, the corporation's bookkeeper, must be present and an attorney for the plaintiffs may be present. Both plaintiff and defendant have agreed that their sister Eva Thompson shall be present to ensure the cooperation of the parties. No one else shall be present.
2. Between the stated hours, the defendant Carl A. Neri may examine the Documents and remove any such Documents to the front building at 35 Lumberyard Road, Clinton, for purposes of photocopying the same. All Documents shall be returned to the rear building immediately after photocopying. No one may accompany Carl Neri except for his attorney, who may be present.
3. This same procedure shall be followed for the following two Saturdays also, November 14 and November 21. If the defendant does not need to or intend to examine and copy Documents on either of those dates, he shall have his attorney notify the plaintiffs' attorney in writing no later than 5 o'clock p.m. on the Thursday immediately preceding the Saturday in question.
4. After the initial three Saturdays, the defendant Carl Neri shall have the right to examine the newer books and records of Neri Bros. Construction Corp. on the first Saturday of each subsequent month in accordance with all the procedures set forth in this order. If the defendant does not intend to examine Documents on any of the Saturdays in question, he shall give notice as provided in paragraph 3 above.
The defendant Carl Neri also asked the court to make certain orders with respect to the future use of the pickup trucks of Neri Bros. Construction Corp. The court will not do so as such an order, which is opposed by the plaintiffs, is beyond the scope of a Motion for Contempt and was not the subject of any order by Judge DeMayo.
Vertefeuille, J.