IN RE HALEY B.*
(SC 16688)

Sullivan, C. J., and Borden, Norcott, Katz and Vertefeuille, Js.

* In accordance with the spirit and intent of General Statutes § 46b-142 (b) and Practice Book § 79-3, the names of the parties involved in this appeal are not disclosed. The records and papers of this case shall be open for inspection only to persons having a proper interest therein and upon order of the Supreme Court.

Reporter of Judicial Decisions

Argued November 26, 2002—officially released February 18, 2003

*Peter T. Poulos*, with whom was *David E. Marmelstein*, for the appellant (intervening respondent).

*John E. Tucker*, assistant attorney general, with whom, on the brief, were *Richard Blumenthal*, attorney general, and *Susan T. Pearlman*, assistant attorney general, for the appellee (petitioner).

*Opinion*

NORCOTT, J. The intervening respondent (respondent),[1] the maternal grandmother of Haley B., a minor in the custody of the department of children and families (department), appeals from the judgment of the Appellate Court dismissing her appeal from the trial court's decision denying her motion for custody or guardianship as untimely. The respondent claims that the appeal

---

[1] The intervening respondent is the only respondent who is a party to this appeal. For convenience, we therefore refer to her as the respondent.

period commenced when the trial court altered the terms of its decision, not when the trial court rendered its original decision. Accordingly, the respondent contends, her appeal was timely filed. The respondent also contends that the Appellate Court abused its discretion by denying her request to file a late appeal. We conclude that the respondent's appeal was timely and, accordingly, we reverse the judgment of the Appellate Court.[2]

The record discloses the following facts and procedural history. Haley was born on September 9, 1999. In October, 1999, the trial court adjudicated Haley a neglected child, and committed her to the custody of the petitioner, the commissioner of children and families, after Haley had sustained unexplained facial bruising. On that same day, the department placed Haley in the respondent's home as a foster child. In October, 2000, the department removed Haley from the respondent's home following repeated violations of department orders and misrepresentations to the department, including misrepresentations in response to a department inquiry concerning allegations that she had allowed Haley to come into contact with a convicted sex offender. In December, 2000, the respondent moved to intervene in the neglect proceeding, and, after being granted intervenor status, requested that Haley be returned to her custody as a foster child, or, in the alternative, that guardianship be transferred to her. Following a hearing, the trial court denied the respondent's motion for custody or guardianship on July 20, 2001, in the presence of the parties. The trial court, however, in denying custody to the respondent, also stated that, because of the bond that had formed between the respondent and the child, "[s]upervised visitation with [the respondent] is ordered, without prejudice, to be

---

[2] In view of our disposition of this issue, we need not address the respondent's claim that the Appellate Court abused its discretion by denying her request to file a late appeal.

held *at least one hour per week.*" (Emphasis added.) The trial court also ordered that the matter of the termination of parental rights be continued until later in August. The court ordered that a transcript be made of its oral decision. The transcript was sent to all counsel of record on August 7, 2001, after the trial court had signed it on August 6, 2001. Thereafter, the trial court set a date for a hearing on the termination of parental rights for Haley's parents of August 16, 2001.

Upon notification by the assistant attorney general representing the department that he intended to seek clarification of the trial court's decision with regard to the respondent's visitation with Haley at the termination of parental rights hearing, counsel for the respondent appeared in court at the hearing to address the department's proposed clarification.[3] At the hearing, the department explained that, prior to the court's ruling on the respondent's motion, the department had allowed the respondent visitation with Haley on a once per month basis. The department also claimed that, although the respondent had inquired about *weekly* visitation, the department wanted the decision "clarified" to reflect the prior status quo, namely, *monthly* visitation.[4] The respondent, in response, contended that she

---

[3] Although the hearing was scheduled solely to address the termination of the parental rights, the trial court recognized the respondent and heard from both the department and the respondent regarding the department's proposed clarification of the trial court's August 7 visitation order.

[4] Specifically, counsel for the department stated: "Prior to [the July 20] decision visitation had actually been occurring at about an hour a month, Your Honor, one visit per month. It may have actually been a little bit longer than an hour, an hour and a half. But that certainly is a significant increase in terms of the amount of visitation and we weren't sure whether or not Your Honor really intended that. . . . The department's belief was hopefully trying to maintain the status quo basically, but we needed that clarified. I don't know when [the respondent] would have gotten the actual notice of the decision, but she did inquire of the department of weekly visits once she had received it and there may be problems of the timing of that if that's going to be the court's decision."

had taken the trial court's decision at "face value" and assumed that, as the trial court indicated in its original July 20 decision, visitation would be allowed on a weekly basis.[5] The trial court then treated the department's request as an oral motion for clarification and stated: "With respect to visitation. It was the intent of the court to maintain the status quo. Not to increase, but not to decrease the visitation. So that to the extent the parties agree that [the respondent] was exercising monthly visitation, then that was the intent of the court to maintain that. . . . So to the extent that the request to clarify or correct the record then is that the visitation is as it was, which apparently was monthly. So, it would be at a minimum, *monthly* visitation." (Emphasis added.)

On August 31, 2001, the respondent appealed from the trial court's decision denying her custody or guardianship of Haley to the Appellate Court. The department, thereafter, moved to dismiss the respondent's appeal based on the respondent's failure to file her appeal within the twenty day period prescribed by Practice Book § 63-1 (a).[6] The department claimed that the twenty day period commenced on the date on which

---

[5] The respondent stated: "Your Honor, the decision that was rendered on the 20th of July goes to some degree to talk about the bond that was established and it was important to continue that bond. We clearly took the decision at face value and that visitation rights would be at least one and a half hours—one hour per week.

"The [respondent] made an inquiry and request of [the department] to set up that scheduling. She was refused. She was told that [the department] had no knowledge that that was your decision and in a subsequent conversation with [counsel for the department] he indicated that it was [the department's] belief that you made a mistake and that you really meant one hour per month.

"I would request that the court continue what was stated in its decision and provide visitation of at least one hour per week."

[6] Practice Book § 63-1 (a) provides in relevant part: "Unless a different time period is provided by statute, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. . . ."

notice of the judgment was sent, which, according to the department, was the original August 7 notice, and, accordingly, the respondent's appeal was untimely. The Appellate Court granted the department's motion to dismiss, and, subsequently denied the respondent's motion for permission to file a late appeal. We thereafter granted the respondent's petition for certification to appeal, limited to the following issue: "Did the Appellate Court properly (1) dismiss the [respondent's] appeal on the ground of untimeliness, or (2) deny the [respondent's] request for permission to file a late appeal?" *In re Haley B.*, 259 Conn. 928, 793 A.2d 250 (2002). We conclude that, under the circumstances of this case, the respondent's appeal was timely. Accordingly, we reverse the judgment of the Appellate Court.

As a threshold matter, we must address the standard of review. The facts underlying this appeal are undisputed. The only issue before us, therefore, is whether the Appellate Court properly determined that the appeal period had commenced on August 7, 2001, the date that notice of the trial court's decision on the respondent's motion for custody or guardianship was mailed, rather than on August 16, 2001, the date that the trial court changed its original order. Because this presents a question of law, our review is plenary. Therefore, "we must decide whether [the court's] conclusions are legally and logically correct and find support in the facts that appear in the record." (Internal quotation marks omitted.) *Olson* v. *Accessory Controls & Equipment Corp.*, 254 Conn. 145, 156, 757 A.2d 14 (2000).

On the merits of the appeal, the respondent claims that the Appellate Court improperly granted the department's motion to dismiss for filing an untimely appeal because when the trial court altered the availability of visitation from once a week to once a month, a new appeal period commenced. Accordingly, the respondent claims, because the appeal was filed within twenty days

after the subsequent alteration of the August 7 order, the appeal was timely. The department claims in response that because the subsequent order by the trial court allowing monthly, rather than weekly, visitation merely clarified the trial court's original visitation order, the clarification did not give rise to a new appeal period. The department contends, therefore, that the Appellate Court properly dismissed the respondent's appeal as untimely. We agree with the respondent.

Practice Book § 63-1 (a) provides that, "[u]nless a different time period is provided by statute, an appeal must be filed within twenty days of the date notice of the judgment or decision is given. . . ." The rules of practice specifically applicable to juvenile matters impose the same requirements. See Practice Book § 79-1. The rule further prescribes, however, that "[i]f a motion is filed within the appeal period that, if granted, would render the judgment, decision or acceptance of the verdict ineffective, a new twenty-day period for filing the appeal shall begin on the day that notice of the ruling is given . . . ." Practice Book § 63-1 (c) (1). Motions that, if granted, would render a judgment, decision, or acceptance of the verdict ineffective include motions that seek any alteration of the terms of a judgment or decision. Id. Conversely, motions for clarification or an articulation, as opposed to alteration, of the terms of the judgment or decision do not give rise to a new appeal period. Id. The issue in the case presently before us, therefore, is whether the trial court's subsequent ruling decreasing the respondent's right to visitation from once per week to once per month, constituted an alteration or modification of the terms of the decision, resulting in a new twenty day appeal period, or merely a clarification, which would not give rise to a new appeal period.

We note at the outset that, despite the department or the trial court's characterization of the motion, we

examine the practical effect of the trial court's ruling in order to determine its nature. *Jaser* v. *Jaser*, 37 Conn. App. 194, 202, 655 A.2d 790 (1995). Put differently, even though the department's motion was labeled by the trial court as a motion for clarification, we look to the substance of the relief sought by the motion rather than the form. *Whalen* v. *Ives*, 37 Conn. App. 7, 15–16, 654 A.2d 798, cert. denied, 233 Conn. 905, 657 A.2d 645 (1995). In order to determine the substance of the trial court's actions here, we begin by examining the definitions of both alteration and clarification.

An alteration is defined as "[a] change of a thing from one form or state to another; making a thing different from what it was without destroying its identity." Black's Law Dictionary (4th Ed. 1968). "An alteration is an act done upon the instrument by which its meaning or language is changed. If what is written upon or erased from the instrument has no tendency to produce this result, or to mislead any person, it is not an alteration." Id. Similarly, a modification is defined as "[a] change; an alteration or amendment which introduces new elements into the details, or cancels some of them, but leaves the general purpose and effect of the subject-matter intact." Black's Law Dictionary (6th Ed. 1990).

Conversely, to clarify something means to "free it from confusion." Webster's New World Dictionary of the American Language (2d Ed. 1972). Thus, the purpose of a clarification is to take a prior statement, decision or order and make it easier to understand. Motions for clarification, therefore, may be appropriate where there is an ambiguous term in a judgment or decision; see *Sablosky* v. *Sablosky*, 258 Conn. 713, 720, 784 A.2d 890 (2001); but, not where the movant's request would cause a substantive change in the existing decision. Moreover, motions for clarification may be made at any time and are grounded in the trial court's equitable authority to protect the integrity of its judgments. *Ava-*

*lonBay Communities, Inc.* v. *Plan & Zoning Commission,* 260 Conn. 232, 246, 796 A.2d 1164 (2002).

In the present case, although the trial court denied the respondent's motion for custody or guardianship, it ordered that she would be allowed supervised visitation once per week. Subsequently, the trial court changed that order, reducing visitation to only once per month. Thus, a portion of the court's original decision, namely, that part requiring weekly visitation, was rendered *ineffective* by the subsequent order of the court reducing visitation to a monthly basis. It is apparent to us, therefore, that the parties presented, and the trial court ruled on, in substance, a motion to alter or modify the trial court's previous judgment.

The fact that prior to the August 16 decision, the respondent attempted to exercise her weekly visitation rights indicates that she, at least, considered that decision to have altered the substantive terms of the judgment, rather than merely clarifying the trial court's previous ruling. Put differently, between August 7, 2001, and August 16, 2001, the respondent was legally entitled to weekly visitation, a right that she no longer retained after the trial court changed the visitation order, without affecting the original denial of the motion for custody or guardianship. We conclude, therefore, that the August 16, 2001 visitation order, changing the visitation from weekly to monthly, altered and modified the terms of the original judgment, thereby giving rise to a new twenty day appeal period. Consequently, the respondent's appeal, filed on August 31, 2001, was filed within the time prescribed by Practice Book § 63-1.

The department further contends, however, that because the trial court mistakenly believed that visitation previously had been occurring on a weekly basis prior to its July 20 decision, and because the court's intent was to maintain the status quo, the trial court

inadvertently ordered visitation on a weekly basis. Thus, the department claims, the subsequent order of monthly visitation merely clarified and corrected the trial court's original decision in order to maintain the status quo. We disagree. Although the trial court may have *intended* to maintain the status quo when it ordered weekly visitation, the *effect* of its subsequent clarification was to substantially decrease the amount of time the respondent is allowed to visit with Haley. The respondent was entitled to rely on the trial court's decision allowing weekly visitation, despite the department's practice prior to that order. Because the trial court's August 16 order altered the terms of the judgment, a new twenty day appeal period began.

Finally, the department also claims that, because all parties agreed that the August 16 motion was an "oral motion for clarification," the respondent is now precluded from claiming that the motion was for alteration rather than clarification. Although we agree that the record indicates that the trial court labeled the department's request for monthly visitation an oral motion for clarification of the judgment, in substance, as discussed previously in this opinion, the trial court altered and modified its original order for weekly visitation. To dismiss the respondent's appeal because the trial court labeled the department's request as a motion for clarification, rather than as a motion for alteration or modification, therefore, would exalt form over substance, a result we find untenable. See *Starr* v. *Commissioner of Environmental Protection*, 236 Conn. 722, 742–43, 675 A.2d 430 (1996) ("[b]ecause we refrain from exalting form over substance, we look to the essence of the transaction").

The judgment of the Appellate Court is reversed and the case is remanded to that court for consideration of the merits of the appeal.

In this opinion the other justices concurred.