RICHARD A. FEWTRELL *v.* MARY ANN FEWTRELL
(AC 24879)

Bishop, McLachlan and Hennessy, Js.

Argued November 16, 2004—officially released February 15, 2005

*Charles J. Irving*, for the appellant (plaintiff).

*Beth A. Hogan*, for the appellee (defendant).

*Opinion*

McLACHLAN, J. This case arises out of a property division order rendered by the trial court incident to a marital dissolution action. The sole claim on appeal is that the defendant, Mary Ann Fewtrell, impermissibly moved for a modification of the court's order after the entry of the judgment of dissolution and that the court, therefore, lacked subject matter jurisdiction to entertain the pleading. We disagree that the pleading at issue constituted a motion for modification and, accordingly, conclude that the court had subject matter jurisdiction to consider and act on the motion.

The parties' marriage was dissolved in November, 2002, following a contested hearing. In connection with the dissolution, the court rendered several financial orders, one of which pertained to a credit card debt that the defendant had incurred during the marriage. In its November 6, 2002 memorandum of decision, the court found, inter alia, the following: "Between December, 1999, and April, 2001, while the defendant and [the parties'] son . . . were out of the marital home, the defendant rented premises at $1000 per month. She testified that she used the joint account the parties had in the Essex Savings Bank and created credit card debts with a present balance of $15,000 to pay for rent and other living expenses for herself and [the] son . . . ." On the basis of these findings, the court ordered the following: "The plaintiff shall pay one half of the alleged $15,000 debt. The defendant shall pay the balance of said debt. Each party shall hold the other harmless on their portion of said debt."

On January 27, 2003, the defendant filed a motion seeking an order of contempt against the plaintiff, Richard A. Fewtrell, for failing to make payment of his portion of the debt. Also on that date, the defendant sought a clarification of the court's order requiring him to pay one half of the $15,000 debt. At an August 8, 2003 hearing on these issues, the plaintiff advanced the argument that he was obligated to pay one half of the $15,000 debt only if a creditor demanded payment. The court disagreed with this interpretation and clarified its order as follows: "[The plaintiff is] to pay one half of the debt. Don't complicate this any more than it is. He's to pay one half of that debt. . . . Whether a creditor comes or not is not part of my judgment. He's obligated to pay one half of that debt. It's as simple as that."

Apparently still unclear as to the court's order, the plaintiff's counsel stated that the plaintiff would pay the money only if a creditor claims it is owed the money.

In response, the court stated: "He's to pay her $7500, okay. My order will be that he pay the . . . defendant wife $7500 because this is what she testified she incurred because of the fact that she had to live separate from him and with the child."[1]

When the plaintiff still had failed to pay his half of the debt weeks after the court's clarification, the defendant filed a pleading captioned "Motion to Modify—Post Judgment." In this pleading filed September 5, 2003, the defendant requested that the plaintiff "pay directly to the defendant . . . $7500 for his portion of the marital debt." The plaintiff filed an objection to the motion, arguing that the defendant was impermissibly seeking to modify a property distribution order after the dissolution decree was entered and that the court, therefore, lacked subject matter jurisdiction to consider its merits.

On November 8, 2003, the parties appeared before the court to argue the motion and objection. The court overruled the plaintiff's objection and granted the motion, concluding: "It's going to be my order that the judgment be modified to include—to provide that the $7500 that the court said is owed by the plaintiff, be paid directly to the defendant. That will avoid any claimed uncertainty about the $7500 payment."[2] The plaintiff now appeals.

The plaintiff argues that the court improperly considered and acted on the defendant's September 5, 2003 motion because, following the entry of the judgment of dissolution, the court did not retain jurisdiction to modify its original property order.

"[B]ecause [a] determination regarding a trial court's subject matter jurisdiction is a question of law, our

---

[1] On the actual motion, the court indicated in a handwritten note: "The plaintiff is to pay $7500 of the defendant's debts."

[2] The handwritten order states: "Motion is modified to provide that $7500 be paid directly to the defendant within 90 days."

review is plenary. . . . [A] lack of subject matter jurisdiction can be raised at any time and cannot be waived by either party." (Internal quotation marks omitted.) *Fish* v. *Igoe*, 83 Conn. App. 398, 402, 849 A.2d 910, cert. denied, 271 Conn. 921, 859 A.2d 577 (2004).

We note at the outset the legal and factual issues as to which the parties are in agreement. First, the parties agree that General Statutes § 46b-81, which enables the trial court to transfer property in a marital dissolution action, does not confer upon the court continuing jurisdiction over any portion of the judgment that constitutes an assignment of property after the dissolution decree is entered.[3] See *Bunche* v. *Bunche*, 180 Conn. 285, 289, 429 A.2d 874 (1980). Second, the parties do not dispute that the defendant's September 5, 2003 motion was filed more than one year after the dissolution decree was entered. Where the parties disagree, and the issue on which our resolution of this appeal turns, is whether the motion is characterized properly as a motion to modify.

Underlying the plaintiff's argument that the motion at issue constituted a motion to modify is his interpretation of the court's original property order as requiring him to pay one half of the defendant's $15,000 debt *only* if a creditor makes demand for payment of the debt. Essentially, he views the order as requiring him to indemnify the defendant from liability to the credit card company. He argues, therefore, that the defendant's motion constituted a motion to modify because it requested the court to impose obligations different from those in the original property order in that it required him to make direct payment of one half of the

---

[3] Such orders are, however, subject to being opened within four months from the date the judgment is rendered, as provided by General Statutes § 52-212a. See *Passamano* v. *Passamano*, 228 Conn. 85, 88–89 n.4, 634 A.2d 891 (1993).

$15,000 debt to the defendant, rather than simply to indemnify her from creditors.

This argument misconstrues the court's original property order. The court's November 6, 2002 memorandum of decision states that "[t]he plaintiff shall pay for one half of the alleged $15,000 debt." The court neither explicitly nor implicitly conditioned such payment on demand being made by creditors. This interpretation was reinforced in the court's response to the defendant's January 27, 2003 motion for clarification where the court stated: "Whether a creditor comes or not is not part of my judgment. He's obligated to pay one half of that debt."

Given the clear import of the court's original property order, we conclude that the defendant's September 5, 2003 motion, although regrettably captioned "Motion to Modify," did not actually constitute a motion to modify, but, rather, a motion for effectuation. "A modification is [a] change; an alteration or amendment which introduces new elements into the details, or cancels some of them, but leaves the general purpose and effect of the subject-matter intact." (Internal quotation marks omitted.) *Roos* v. *Roos*, 84 Conn. App. 415, 422, 853 A.2d 642, cert. denied, 271 Conn. 936, 861 A.2d 510 (2004). In contrast, an order effectuating an existing judgment allows the court to protect the integrity of its original ruling by ensuring the parties' timely compliance therewith.

"Although the court does not have the authority to modify a property assignment, a court, after distributing property, which includes assigning the debts and liabilities of the parties, does have the authority to issue postjudgment orders effectuating its judgment."[4] Id.

---

[4] Our courts have recognized that "[i]t is within the equitable powers of the trial court to fashion whatever orders [are] required to protect the integrity of [its original] judgment." (Internal quotation marks omitted.) *Clement* v. *Clement*, 34 Conn. App. 641, 646, 643 A.2d 874 (1994).

"Where a decision as to whether a court has subject matter jurisdiction is required, every presumption favoring jurisdiction should be indulged. . . . Thus, if the . . . motion . . . can fairly be construed as seeking an effectuation of the judgment rather than a modification of the terms of the property settlement, this court must favor that interpretation." (Citations omitted; internal quotation marks omitted.) *Clement* v. *Clement,* 34 Conn. App. 641, 645, 643 A.2d 874 (1994).

Although the defendant herself characterized her September 5, 2003 pleading as a "Motion to Modify," and the court, in its responsive ruling, utilized language indicating acquiescence to that characterization, neither of these factors influences the actual nature of the motion or the court's responsive ruling. It has been recognized by both this court and our Supreme Court that despite the movant's or the trial court's characterization of a motion, a reviewing court examines the practical effect of the responsive ruling in determining the nature of the pleading. See *In re Haley B.*, 262 Conn. 406, 412–13, 815 A.2d 113 (2003); *Jaser* v. *Jaser,* 37 Conn. App. 194, 202, 655 A.2d 790 (1995). On review, we look to the substance of the relief sought by the motion and the practical effect of the trial court's responsive ruling. *Roos* v. *Roos,* supra, 84 Conn. App. 423.

Here, the defendant's motion did not seek a modification of the court's original property order, but, rather, sought an effectuation of its original judgment by requesting the court to order the plaintiff to pay directly to her one half of the $15,000 debt. We accordingly conclude that the court had subject matter jurisdiction to consider and act on the September 5, 2003 motion.

The judgment is affirmed.

In this opinion the other judges concurred.