NICOLA PERUGINI *v.* KENNETH M. DEVINO
(AC 29183)

DiPentima, Lavine and Dupont, Js.

Argued September 15—officially released December 2, 2008

*Frederick W. Krug*, for the appellants (defendants).

*Robert L. Fisher, Jr.*, for the appellee (plaintiff).

*Opinion*

DiPENTIMA, J. The defendants, Kenneth M. Devino and One Mattoon Road, LLC,[1] appeal from the judgment of the trial court clarifying its initial judgment rendered in favor of the plaintiff, Nicola Perugini. On appeal, the defendants claim that the court improperly (1) opened and modified its initial judgment more than four months after the entry of that judgment and (2) issued an injunction that was overbroad. We disagree and, accordingly, affirm the judgment of the trial court.

The following facts and procedural history provide the necessary background for the resolution of the defendants' appeal. The plaintiff owns a parcel of property located in Waterbury. Falls Avenue, a public highway, lies on the property's western boundary. Its southern boundary, Mattoon Road, is owned solely by One Mattoon Road, LLC. The plaintiff's deed granted "a perpetual right-of-way in common with others to use Mattoon Road for a distance of 175 feet from Falls Avenue." The driveway to the plaintiff's house connects to this express right-of-way and was described by the court as the first driveway.

There is a commercial building located on the easterly portion of the plaintiff's property. Access to this building is by way of a driveway that connects to Mattoon Road beyond and further east of the express right-of-way and was identified by the court as the second driveway. There was no contract between the parties regarding the plaintiff's use of Mattoon Road to the second driveway. At some point, the parties began discussing the plaintiff's use of Mattoon Road to access the

---

[1] Devino is the sole owner of the entity known as One Mattoon Road, LLC. One Mattoon Road, LLC, was cited in after the initiation of this action.

second driveway, including the possibility of a license agreement. In May, 2005, the plaintiff was presented with the options of either signing a licensing agreement or closing the second driveway. In August, 2005, the defendants placed a series of large concrete blocks along Mattoon Road blocking the entrance to the second driveway, closing off access to the commercial building.

On September 6, 2005, the plaintiff commenced an action, alleging that he had used Mattoon Road to access the second driveway for more than fifteen years in a manner that was open, visible, continuous, uninterrupted and under a claim of right. Accordingly, the plaintiff claimed that he had acquired a legal right and title to the use of Mattoon Road to access the second driveway and that the defendants wrongfully had obstructed his use. The court issued a memorandum of decision on August 31, 2006, and rendered judgment in favor of the plaintiff. Specifically, it stated: "Therefore, judgment shall enter for the plaintiff by an order confirming that the plaintiff has acquired a prescriptive easement over and through the second driveway out onto Mattoon Road[2] and an injunction ordering the removal of the concrete blocks preventing access to the second driveway or in any way obstructing with the right-of-way from the second driveway to Mattoon Road."

On September 26, 2006, the plaintiff filed a postjudgment motion for contempt, alleging that the defendants had failed to remove the concrete blocks. The plaintiff, on January 3, 2007, subsequently filed a motion for clarification of the court's judgment.[3] In an amended

[2] "[A] prescriptive easement is established by proving an open, visible, continuous and uninterrupted use for fifteen years made under a claim of right." (Internal quotation marks omitted.) *Simonds* v. *Shaw*, 44 Conn. App. 683, 687, 691 A.2d 1102 (1997).

[3] We note that "[m]otions for interpretation or clarification, although not specifically described in the rules of practice, are commonly considered by

motion to clarify, filed on January 8, 2007, the plaintiff alleged that the defendants had not removed the blocks but merely stacked three of the blocks on top of three other blocks.

On July 26, 2007, the court issued a memorandum of decision with respect to the plaintiff's motion to clarify.[4] The court found that both parties had misinterpreted its judgment. With respect to the defendants, the court stated that they "misinterpreted the court's decision by only removing three blocks and then placing them on top of existing blocks."[5] The court then stated that the prescriptive easement applied only to the second driveway and parking areas but did not extend to the gravel and grass area portions that abutted Mattoon Road.

Prior to the court's initial decision, the blocks had been placed on the boundary line between the plaintiff's property and Mattoon Road, running east to west. Following that decision, the defendants had moved the westernmost blocks and stacked them on the easternmost blocks. They also had not moved the center blocks. In the second memorandum of the decision, the court ordered that the center blocks be removed from the property and that the westernmost blocks could not be double stacked and that they be removed from the property as well. The decision did not require the defendants to move the easternmost blocks.

---

trial courts and are procedurally proper." (Internal quotation marks omitted.) *Rome* v. *Album*, 73 Conn. App. 103, 109, 807 A.2d 1017 (2002).

[4] At a July 24, 2007 hearing, the court stated that it would "have preferred to do this in a motion for clarification [instead of by way of a motion for contempt]." Counsel for the plaintiff then indicated that he preferred that the court address the clarification issue rather than the contempt issue. The court iterated its preference to address the clarification, and counsel for the defendants consented to such a course of action. In its second memorandum of decision, the court stated that at its suggestion, the parties agreed to have the motion to clarify determined, rather than the motion for contempt.

[5] The plaintiff had thought that the defendants were required to remove all of the concrete blocks from the boundary line.

On August 6, 2007, the defendants, citing Practice Book § 11-11, filed a motion to reargue the court's decision with respect to the plaintiff's motion to clarify. They claimed, inter alia, that the court lacked jurisdiction to enter orders requiring the removal of the blocks from the property. The court denied this motion. The defendants then filed the present appeal from the clarification of the initial judgment.[6] On October 5, 2007, the defendants moved for an articulation of the second memorandum of decision, which the court granted. It explained that the center blocks "clearly block access from the road to the blacktopped parking area along the side of the plaintiff's building to which relief was granted." The court further clarified: "[T]he order was to remove the blocks, not double or now possibly triple them on the few valid remaining blocks. The stacking serves no useful purpose and is clearly designed to flout the court's order and to antagonize the plaintiff. The intent of the court orders should be observed." The defendants filed a motion for review of the articulation. This court granted the motion but denied the relief requested. Additional facts will be set forth where necessary.

I

The defendants first claim that the court, on July 26, 2007, improperly opened and modified its initial judgment, rendered on August 31, 2006, more than four months after the entry of that judgment. Specifically, they argue that the court, in its second memorandum of decision, modified, rather than clarified, the original decision. The defendants contend that, as a result, the court opened the judgment more than four months after it had been rendered in violation of General Statutes

---

[6] The defendants did not appeal from the court's judgment in favor of the plaintiff that he has a prescriptive easement over a portion of the defendants' property.

§ 52-212a and Practice Book § 17-4.[7] We are not persuaded.

To facilitate our discussion, we set forth certain legal principles germane to the defendants' appeal. If we conclude that the court modified the original judgment in response to the plaintiff's motion for clarification, such action would be in violation of § 52-212a. That statute provides that "[u]nless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court *may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . .*" (Emphasis added.) General Statutes § 52-212a. Despite the existence of various exceptions to § 52-212a, our Supreme Court has stated that this statute "operates as a constraint, not on the trial court's jurisdictional authority, but on its substantive authority to adjudicate the merits of the case before it." *Kim* v. *Magnotta*, 249 Conn. 94, 104, 733 A.2d 809 (1999). It is undisputed that the plaintiff's motion was filed outside of this four month time period.

If, however, we conclude that the court clarified its original judgment, rather than modified it, then such action would be proper. In *AvalonBay Communities, Inc.* v. *Plan & Zoning Commission*, 260 Conn. 232, 796 A.2d 1164 (2002), our Supreme Court explained that "a party may *seek clarification of an ambiguous judgment at any time* . . . ." (Emphasis added.) Id., 246.

---

[7] Our Supreme Court has stated that "courts have inherent power to change or modify their own injunctions [when] circumstances or pertinent law have so changed as to make it equitable to do so . . . ." (Citation omitted; internal quotation marks omitted.) *Rosado* v. *Bridgeport Roman Catholic Diocesan Corp.*, 276 Conn. 168, 213, 884 A.2d 981 (2005); *Adams* v. *Vaill*, 158 Conn. 478, 482, 262 A.2d 169 (1969). This issue, however, neither was raised before the trial court nor presented in either party's appellate briefs. Accordingly, we do not afford it consideration.

The ability to clarify stems from the trial court's continuing jurisdiction, which, in turn, derives from its equitable authority to vindicate judgments. Id., 241. Thus, the question becomes whether the court clarified rather than modified its original judgment.

Our Supreme Court extensively has discussed the distinction between clarification and modification, albeit in the context of determining whether an appeal has been filed timely. See *In re Haley B.*, 262 Conn. 406, 411, 815 A.2d 113 (2003). In that case, the court first observed that the substance of the relief sought and the practical effect of the court's order determine whether an alteration or clarification has occurred. Id., 412–13. It then defined each of those terms. "An alteration is defined as [a] change of a thing from one form or state to another; making a thing different from what it was without destroying its identity. Black's Law Dictionary (4th Ed. 1968). An alteration is an act done upon the instrument by which its meaning or language is changed. If what is written upon or erased from the instrument has no tendency to produce this result, or to mislead any person, it is not an alteration. Id. Similarly, a modification is defined as [a] change; an alteration or amendment which introduces new elements into the details, or cancels some of them, but leaves the general purpose and effect of the subject-matter intact. Black's Law Dictionary (6th Ed. 1990). Conversely, to clarify something means to free it from confusion. Webster's New World Dictionary of the American Language (2d Ed. 1972). Thus, the purpose of a clarification is to take a prior statement, decision or order and make it easier to understand. Motions for clarification, therefore, may be appropriate where there is an ambiguous term in a judgment or decision . . . but, not where the movant's request would cause a substantive change in the existing decision. Moreover, motions for clarification may be made at any time and are grounded in the trial

court's equitable authority to protect the integrity of its judgments." (Citation omitted; internal quotation marks omitted.) *In re Haley B.*, supra, 413–14; see also *Commissioner of Transportation* v. *Rocky Mountain, LLC*, 277 Conn. 696, 705, 894 A.2d 259 (2006) (any substantive modification of judgment constitutes opening of judgment).

At the outset of our analysis, we set forth the applicable standard of review. The defendants' claim requires us to construe the original memorandum of decision, as well as the decision with respect to the plaintiff's motion for clarification and the articulation. "The construction of a judgment is a question of law with the determinative factor being the intent of the court as gathered from all parts of the judgment. . . . As a general rule, the court should construe [a] judgment as it would construe any document or written contract in evidence before it. . . . Effect must be given to that which is clearly implied as well as to that which is expressed." (Internal quotation marks omitted.) *Moasser* v. *Becker*, 107 Conn. App. 130, 135, 946 A.2d 230 (2008); see also *Lashgari* v. *Lashgari*, 197 Conn. 189, 196, 496 A.2d 491 (1985); *Lusa* v. *Grunberg*, 101 Conn. App. 739, 742, 923 A.2d 795 (2007) (construction of articulation presents question of law).

In the original decision, filed August 31, 2006, the court ordered the "removal of the concrete blocks preventing access to the second driveway or in any way obstructing or interfering with the right-of-way from the second driveway to Mattoon Road." The defendants moved the western blocks and stacked them on the eastern blocks and did not move the center blocks. The court's order was to "remove" the blocks and not simply to move or to relocate those blocks that prevented access to the second driveway. We note that word "remove" has several definitions: "1. to move from a place or position; *take away or off* . . . 3. to *move or*

*shift* to another place or position; transfer . . . 6. to take away, withdraw, or eliminate . . . 7. to get rid of; do away with; put an end to . . . ." (Emphasis added.) Random House Webster's Unabridged Dictionary (2d Ed. 1991). Given the different meanings for the word "remove," it is understandable that each party had a different expectation of what was necessary to comply with the court's order. Specifically, the defendants merely had moved or shifted the blocks, while the plaintiff claimed in his motions that the court had ordered the removal of the blocks from the boundary line between the properties. In other words, the term "remove" is open to differing rational interpretations yet is not so unclear and ambiguous as to be unenforceable. See *AvalonBay Communities, Inc.* v. *Plan & Zoning Commission*, supra, 262 Conn. 250–51. As the parties were unable to agree as to whether the conditions of the court's order had been met, it was appropriate for the plaintiff to invoke the trial court's continuing jurisdiction to interpret and effectuate the order with respect to the blocks. See id., 251.

We find further support in our case law for our conclusion that the court clarified, rather than modified, its decision. For example, in *Miller* v. *Miller*, 16 Conn. App. 412, 547 A.2d 922, cert. denied, 209 Conn. 823, 552 A.2d 430 (1988), we concluded that the court improperly had modified its original order. In that case, the court ordered the defendant to pay $500,000 as a lump sum alimony award to the plaintiff. Id., 414. In response, the defendant transferred shares of stock to comply with this order. Id. The plaintiff subsequently filed a motion for clarification, inquiring whether there were any limitations on the defendant's right to transfer securities that were low in basis, low in dividend yield or not likely to appreciate. Id. Over the defendant's objection, the court found that the transfer of stock did not comply with its order. Id., 415.

On appeal, we noted that the dissolution decree simply stated that the defendant was ordered to pay the plaintiff lump sum alimony in the amount of $500,000 and that this could be done by the transfer of securities. Id., 416. We then noted that the court's subsequent order substantively modified the original judgment in three ways. "[T]he court's ruling (1) amended the judgment to require that any securities transferred to the plaintiff pay dividends of $50,000 per year, (2) increased the lump sum award by ordering the defendant to transfer additional assets, in excess of the original stock and cash valued at the time of transfer at $500,000, to the plaintiff until the assets transferred paid dividends, which we judicially notice fluctuate with market conditions, of $50,000 per year, and (3) converted the lump sum alimony award into a hybrid lump sum and periodic alimony award by imposing on the defendant an obligation to guarantee an annual rate of return of $50,000 to the plaintiff on the amount of the lump sum payment." Id., 416–17. We concluded that such an order constituted an improper modification and set it aside. Id., 420; see also *Commissioner of Transportation* v. *Rocky Mountain, LLC*, supra, 277 Conn. 706–707 (addition of $40,300 constituted substantive modification, thus opening of judgment); *In re Haley B.*, supra, 262 Conn. 414 (court improperly changed visitation from once per week to once per month).

We reached a contrary conclusion in *Roberts* v. *Roberts*, 32 Conn. App. 465, 629 A.2d 1160 (1993). In that case, we concluded that the trial court properly had clarified its prior order with respect to the sale of a former marital home. In *Roberts*, the parties incorporated a written stipulation into their judgment of dissolution. Id., 466. The home was to be sold and the parties would share the proceeds equally. Id. The plaintiff filed a motion for an order seeking to expedite the sale of the home, alleging that the defendant refused to lower

the price in accordance with the market conditions. Id., 466–67. The court ordered the sale of the home by auction and appointed a committee to conduct the auction. Id., 467.

We concluded that the court did not modify or seek additional terms but, rather, effectuated the terms of the stipulation contained in the original judgment, namely, the sale of the home and the division of the proceeds. Id., 471. "The parties still would [divide] the proceeds of the sale equally after paying off the first mortgage and the plaintiff's mother; no particular price or term of payment is demanded by the movant. The motion seeks only to effectuate the judgment by asking the court to determine how the property will be sold in a situation where, at the time the motion was filed, the marital residence had been on the market for over fifteen months." Id.; see also AvalonBay Communities, Inc. v. Plan & Zoning Commission, supra, 260 Conn. 250–51; Fewtrell v. Fewtrell, 87 Conn. App. 526, 532, 865 A.2d 1240 (2005); Benedetto v. Benedetto, 55 Conn. App. 350, 354, 738 A.2d 745 (1999), cert. denied, 252 Conn. 917, 744 A.2d 437 (2000).

In the present case, the court clarified that its prior order was to remove the blocks, rather than to move and double stack them. Put another way, it explained that the blocks were to be taken away from the area of the prescriptive easement and not simply to be moved and stacked on other blocks. Given the varying definitions of the term "remove," we reject the defendant's argument that the order on the plaintiff's motion changed or amended the original order. Rather, it clarified the meaning of the word "remove," which the court used. Accordingly, we conclude that the court's order clarified rather than modified the original order and, therefore, was within the court's continuing jurisdiction.

## II

The defendants next claim that the court improperly entered an injunction that was overbroad.[8] Specifically, they argue that the court's order that the blocks be removed from their property and not double stacked was overly broad and therefore invalid. We disagree.

As a preliminary matter, we set forth the applicable standard of review. "The issuance of an injunction and the scope and quantum of injunctive relief rests in the sound discretion of the trier. . . . [T]he court's ruling can be reviewed only for the purpose of determining whether the decision was based on an erroneous statement of law or an abuse of discretion." (Citation omitted; internal quotation marks omitted.) *Tomasso Bros., Inc.* v. *October Twenty-Four, Inc.*, 230 Conn. 641, 648, 646 A.2d 133 (1994); *Cummings* v. *Tripp*, 204 Conn. 67, 90, 527 A.2d 230 (1987). We further note that the decision to grant an injunction must be on the nature

---

[8] We note that the argument in the defendants' brief with respect to this claim is somewhat unclear. Initially, the defendants stated that the court's "orders directing the defendants to remove concrete blocks from the defendants' property and not to stack the removed blocks on the permitted blocks, fail these tests [to determine whether an injunction is overbroad]." The brief then states that the court "ordered the defendants to remove the blocks that formerly had been placed at the Second Driveway from any location anywhere on the *plaintiff's property*, including locations where the . . . court expressly found that the plaintiff does not possess any prescriptive or other right of passage. The placement of blocks elsewhere on the *plaintiff's property* is not an injurious invasion of any right which the plaintiff possesses because it would have no adverse effect on the plaintiff's easements." (Emphasis added.) Finally, that portion of the defendants' argument concludes by stating: "Consequently, it is erroneous as a matter of law for the . . . court to have issued an injunction ordering the defendants to remove *from their property* all blocks which had obstructed the prescriptive right-of-way." (Emphasis added.)

It would appear that the defendants' argument is that the court improperly ordered the removal of the blocks from their own property and not the property of the plaintiff. The defendants would have no right to place blocks on the plaintiff's property, and the plaintiff would have no need for a right-of-way on property that he owned.

and equities of the case. See *Zabaneh* v. *Dan Beard Associates, LLC,* 105 Conn. App. 134, 139, 937 A.2d 706, cert. denied, 286 Conn. 916, 945 A.2d 979 (2008); *Stohlts* v. *Gilkinson,* 87 Conn. App. 634, 655, 867 A.2d 860, cert. denied, 273 Conn. 930, 873 A.2d 1000 (2005).

We first consider the defendants' claim that the court's order that the blocks be removed was overbroad. In their brief, the defendants stated that the court "ordered [them] to remove the concrete blocks from [their] property . . . ." They further argue that the court ordered the blocks removed "from any location" on the defendants' property, including areas where the plaintiff does not possess any rights. We conclude, contrary to the defendants' arguments, that the court's decision does not include such a sweeping directive.

In its July 26, 2007 decision that clarified the original memorandum of decision, the court defined the area of the defendants' property from which the concrete blocks had to be removed. "That area of paved driveway can best be illustrated in the plaintiff's trial exhibits eight and nine. *It is that entire area of paved driveway and parking area that was the subject of the court's order.* It does not extend to the gravel or grass areas shown in those exhibits from the end of the asphalt parking area to the fence visible in [those] exhibits. That area is also shown in the plaintiff's exhibits 3a and e and the defendants' exhibit A3 offered within this hearing. So, the court's order extends to the three blocks as shown on the defendants' exhibit A3 for purposes of this hearing. So, those three blocks are ordered to be removed from the property and not stacked on other blocks remaining on the boundary line. The court also orders that the three blocks originally removed shall not be double stacked and shall be removed from the property." (Emphasis added.)

As we stated in part I, the interpretation of a judgment presents a question of law. *Gorelick* v. *Montanaro,* 94

Conn. App. 14, 30, 891 A.2d 41 (2006). It bears repeating that "[t]he determinative factor being the intent of the court as gathered from all parts of the judgment. . . . As a general rule, the court should construe [a] judgment as it would construe any document or written contract in evidence before it. . . . Effect must be given to that which is clearly implied as well as to that which is expressed." (Internal quotation marks omitted.) *Moasser* v. *Becker*, supra, 107 Conn. App. 135.

Nowhere in any of the three memoranda of decision, the August 31, 2006 initial decision, the July 26, 2007 decision on the plaintiff's amended motion to clarify and the November 13, 2007 articulation, did the court order the blocks to be removed completely from the defendants' property. The court described the specific area of its order and used exhibits to illustrate that limited locus. Although the court used the word "property," we read and interpret the court's decision to mean the limited area as shown in the referenced exhibits and not the entirety of the defendants' property. By its explicit reference to these exhibits, the court narrowed the area from which the blocks needed to be removed. Simply put, the court's decision did not require the removal of the concrete blocks from all of the defendants' property, just the specific area as detailed in the referenced exhibits. The defendants, therefore, seek relief from a nonexistent order for injunctive relief. Their claim is baseless and therefore must fail.[9]

We now turn to the defendants' claim that the court's order prohibiting the stacking of the blocks was overbroad. In its articulation, the court stated: "[T]he order was to remove the blocks [and] not double or now possibly triple [stack] them on the few valid remaining

---

[9] We also note that the court clearly permitted three blocks to remain on the defendants' property near the boundary line. It would be inconsistent to allow those three blocks to remain but to order the others removed entirely from the defendants' property.

blocks. The stacking serves no useful purpose and is clearly designed to flout the court's order and to antagonize the plaintiff. The intent of the court orders should be observed." In its original decision, the court had enjoined the defendants from "preventing access to the second driveway *or in any way obstructing or interfering with the right-of-way* from the second driveway to Mattoon Road." (Emphasis added.)

Although it is clear from the articulation that the stacking of the blocks antagonized the plaintiff, more significant is the clarification that the stacking thwarted the intent of the court's orders. This intent was that the plaintiff's right-of-way not be obstructed or interfered with in any way. Implicit in the court's reasoning is the finding that the defendants' stacking of the blocks interfered with and disrupted the plaintiff's use of the prescriptive easement. On the basis of our review of the record, we conclude that the court properly could have determined that the stacking of the blocks would obstruct or interfere with the plaintiff's use of the easement. Such conduct, therefore, would constitute a violation of the injunctive relief ordered by the court. We previously have noted that "[c]ourts exercise discretion in cases where impartial minds could hesitate, which usually entails a balancing of the relative gravity of the factors involved." *In re Shaquanna M.*, 61 Conn. App. 592, 603, 767 A.2d 155 (2001). This case presents such a situation, and we cannot conclude that the prohibition on stacking constitutes an abuse of discretion by the court.

We acknowledge the sparsity of the record on this point but note that the defendants failed to seek an articulation of the *factual basis* of the order not to stack the blocks. In both the articulation and the motion for review filed by the defendants, they had requested that the court state the *legal basis* for its order. See,

e.g., *Stone-Krete Construction, Inc.* v. *Eder*, 280 Conn. 672, 685–86, 911 A.2d 300 (2006).

We conclude, therefore, that the actual orders of the court implemented and effectuated its finding of a prescriptive easement in the plaintiff and, as such, were not overbroad. See, e.g., *Emhart Industries, Inc.* v. *Amalgamated Local Union 376, U.A.W.*, 190 Conn. 371, 407–12, 461 A.2d 422 (1983).

The judgment is affirmed.

In this opinion the other judges concurred.