# BARBARA BAUER *v.* STEVEN BAUER
## (AC 31508)

Bishop, Gruendel and Peters, Js.

Argued April 19—officially released July 12, 2011

*Steven R. Dembo*, with whom, on the brief, was *P. Jo Anne Burgh*, for the appellant (defendant).

*Kenneth J. Bartschi*, with whom were *Kimberly A. Knox* and, on the brief, *Frederick F. Ward II*, for the appellee (plaintiff).

*Opinion*

BISHOP, J. The defendant, Steven Bauer, appeals from the trial court's judgment granting a motion for clarification filed by the plaintiff, Barbara Bauer, regarding certain financial orders rendered in the court's earlier judgment of dissolution of marriage. The defendant claims that the court's clarification regarding the division of his pension accounts amounted to an impermissible modification of the dissolution judgment. We agree and, accordingly, reverse the judgment of the trial court.

The following factual and procedural history is relevant to the resolution of the defendant's appeal. On October 12, 2005, the court rendered judgment dissolving the parties' marriage and entered orders regarding alimony and assets. On August 14, 2008, the plaintiff filed a motion for contempt, alleging that the judgment required the defendant to divide his New Britain General Hospital pension and annuity 403 (b) plans via a qualified domestic relations order (QDRO). Subsequently, on January 23, 2009, when the plaintiff learned that the defendant disputed whether the judgment contained such a requirement regarding his pension assets,

she filed a motion for clarification of the judgment of dissolution.[1] In response, the defendant filed an objection to the motion for clarification. On June 10, 2009, the court issued a memorandum of decision granting the motion for clarification, stating: "The court's memorandum of decision, issued October 12, 2005, set forth the parties' agreement to split equally the defendant's New Britain General Hospital pension and annuity 403 (b) plans, both accrued over the course of the marriage. That agreement was not repeated in the court's subsequent listed orders. Because there is an alleged ambiguity or incompleteness in the decision of the trial court . . . this court will clarify that, pursuant to the parties' stipulation: The defendant is ordered to split equally his New Britain General Hospital pension and annuity 403 (b) plan, accrued over the course of the marriage, with the plaintiff . . . via [a] qualified domestic relations order (QDRO)." (Citation omitted; internal quotation marks omitted.) On June 30, 2009, the defendant filed a motion for reargument and reconsideration, which the trial court denied. This appeal followed.[2]

"It is well established that [t]he court's judgment in an action for dissolution of a marriage is final and binding [on] the parties, where no appeal is taken therefrom,

[1] The defendant filed a motion to dismiss the motion for clarification, arguing that it was actually an improper attempt to modify the property division more than three years after the dissolution judgment. The court denied the motion to dismiss on March 26, 2009.

[2] During the pendency of this appeal, the plaintiff filed a motion to dismiss the defendant's appeal on the ground that the court's ruling on the motion for clarification was not an appealable final judgment. We denied the motion to dismiss and ordered the parties to brief the final judgment issue. In light of an abundance of precedent in which this court and our Supreme Court have addressed decisions by trial courts on motions for clarification, and, mindful of our conclusion that the court's clarification was, in actuality a modification, we conclude that the court's decision constitutes a final judgment. See *Mickey* v. *Mickey*, 292 Conn. 597, 974 A.2d 641 (2009); *In re Haley B.*, 262 Conn. 406, 815 A.2d 113 (2003); *State* v. *Denya*, 107 Conn. App. 800, 946 A.2d 931 (2008), rev'd on other grounds, 294 Conn. 516, 986 A.2d 260 (2010); *Miller* v. *Miller*, 16 Conn. App. 412, 547 A.2d 922, cert. denied, 209 Conn. 823, 552 A.2d 430 (1988).

unless and to the extent that statutes, the common law or rules of [practice] permit the setting aside or modification of that judgment. Under Practice Book [§ 17-4], a civil judgment may be opened or set aside . . . [when] a motion seeking to do so is filed within four months from the date of its rendition. . . . Absent waiver, consent or other submission to jurisdiction, however, a court is without jurisdiction to modify or correct a judgment, in other than clerical respects, after the expiration of [that four month period] . . . . After the expiration of the four month period provided by [Practice Book § 17-4] a judgment may not be vacated [on] the sole ground that it is erroneous in matter of law, except by a court exercising appellate or revisory jurisdiction, unless such action is authorized by statute or unless the error is one going to the jurisdiction of the court rendering the judgment. . . .

"Even beyond the four month time frame set forth in Practice Book § 17-4, however, courts have continuing jurisdiction to fashion a remedy appropriate to the vindication of a prior . . . judgment . . . pursuant to [their] inherent powers . . . . When an ambiguity in the language of a prior judgment has arisen as a result of postjudgment events, therefore, a trial court may, at any time, exercise its continuing jurisdiction to effectuate its prior [judgment] . . . by interpreting [the] ambiguous judgment and entering orders to effectuate the judgment as interpreted . . . . In cases in which execution of the original judgment occurs over a period of years, a motion for clarification is an appropriate procedural vehicle to ensure that the original judgment is properly effectuated. . . . Motions for clarification may not, however, be used to modify or to alter the substantive terms of a prior judgment . . . and we look to the substance of the relief sought by the motion rather than the form to determine whether a motion is properly characterized as one seeking a clarification or

a modification." (Citations omitted; internal quotation marks omitted.) *Mickey* v. *Mickey*, 292 Conn. 597, 603–605, 974 A.2d 641 (2009).

Our determination of whether the court's 2009 order clarified or modified the 2005 judgment requires us to construe the terms of the judgment. "Because [t]he construction of [an order or] judgment is a question of law for the court . . . our review . . . is plenary. As a general rule, [orders and] judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the [order or] judgment. . . . The interpretation of [an order or] judgment may involve the circumstances surrounding [its] making . . . . Effect must be given to that which is clearly implied as well as to that which is expressed. . . . The [order or] judgment should admit of a consistent construction as a whole." (Internal quotation marks omitted.) *State* v. *Denya*, 294 Conn. 516, 529, 986 A.2d 260 (2010).

In the present case, the court's memorandum of decision dissolving the parties' marriage has two readily distinguishable parts. In the initial part, the court set forth its factual findings. Thereafter, the court issued its orders. As part of its factual recitation regarding the values of various marital assets, the court stated that the parties had agreed to split equally the defendant's New Britain General Hospital pension and annuity 403 (b) plans that had accrued over the course of the marriage.[3] Thereafter, and after stating that it "considered

---

[3] While it is not key to our resolution of the issues on appeal, we note that it is not at all clear from the record that the parties had, in fact, reached such an agreement. To the extent that the record supports the plaintiff's claim that the defendant proposed a division of his pension assets, a review of the record reveals that this proposal was not untethered from the defendant's coincidental proposals regarding alimony and the division of the balance of the assets subject to distribution.

the relevant statutory criteria set forth in [General Statutes §§ 46b-62, 46b-81, 46b-82 and 46b-84], together with applicable case law and its findings of fact" in making its financial orders, the court stated: "The court makes the following orders . . . ." The court then set forth twelve enumerated orders regarding the dissolution of the parties' marriage and the distribution of marital assets. None of those twelve orders addressed the defendant's retirement accounts. Because the court had not made such an order, there was no existing order to clarify or "reconfirm," as requested by the plaintiff. Thus, through the vehicle of a motion captioned "Motion for Clarification," the plaintiff, in effect, was asking the court to issue an order regarding a marital asset that had not been made in its original judgment. In asking the court to enter an order distributing an asset that it did not distribute at the time of the dissolution judgment, the plaintiff improperly was asking the court to modify its nonmodifiable asset distribution orders.

When ruling on the plaintiff's motion for clarification, the court acknowledged that, although it had made the finding that the parties had agreed that the pension funds would be split equally, it did not address the distribution of these funds in its orders. The court stated that the fact that it had mentioned that agreement in its findings, but did not issue an order dividing those assets, created an " 'ambiguity or incompleteness' " in its earlier decision and then issued an order dividing those assets. We disagree. Although the court may have intended, at the time of its judgment dissolving the parties' marriage, that the parties would split the defendant's pension assets equally, it plainly did not issue an order to that effect. The court's misunderstanding of the status of the parties' positions vis-à-vis pension assets does not create any ambiguity in its orders, which

are completely silent on the subject.[4] Thus, there was no ambiguity in the judgment to be resolved by way of clarification. Consequently, the court's June, 2009 order distributing the accounts in question was an improper modification of the dissolution judgment rather than a clarification.

The judgment granting the plaintiff's motion for clarification is reversed and the case is remanded with direction to deny that motion.

In this opinion the other judges concurred.

---

[4] We note that at no time did the plaintiff file a motion to correct the judgment to rectify the judgment's omission. Whether the court would, at any time, have the authority to correct a judgment that may not reflect the intent of the court in formulating its judgment is a question not presented for our resolution on this appeal.