RUTH F. PERRY *v.* STEPHEN C. PERRY
(AC 31947)
(AC 32485)

Lavine, Robinson and Peters, Js.

Argued May 31—officially released August 16, 2011

*Richard L. Albrecht*, with whom was *Barbara M. Schellenberg*, for the appellant (defendant).

*Louise T. Truax*, with whom was *Daniel J. Roberts*, for the appellee (plaintiff).

*Catherine P. Whelan*, for the minor children.

*Opinion*

PETERS, J. "It is well established that [t]he court's judgment in an action for dissolution of a marriage is final and binding [on] the parties, where no appeal is taken therefrom, unless and to the extent that statutes, the common law or rules of [practice] permit the setting aside or modification of that judgment." (Internal quotation marks omitted.) *Mickey* v. *Mickey*, 292 Conn. 597, 603–604, 974 A.2d 641 (2009). While courts have continuing jurisdiction to clarify or to modify such a judgment with respect to the custody of children; General Statutes § 46b-56; they have only limited authority to revisit a judgment with respect to the division of marital assets. *Bauer* v. *Bauer*, 130 Conn. App. 185, 190–91, 21 A.3d 964 (2011). In this case, we affirm the trial court's clarification of a visitation order and reverse its clarification of a property order.

In a complaint filed January 9, 2006, the plaintiff, Ruth F. Perry, alleged that her marriage to the defendant, Stephen C. Perry, had broken down irretrievably and sought dissolution of their marriage, an order regarding custody and support of their two minor children, alimony, educational support orders and attorney's fees. The child custody and financial issues were bifurcated for trial. On April 9, 2008, the court, *Dewey, J.*, approved and entered, as an order, a custody and parenting time stipulation (stipulation).

On August 11 and 12, 2008, a trial was held to resolve the parties' financial issues. During that trial and in her proposed orders, the plaintiff requested that the court correct the custody stipulation, which allegedly had misstated the father's weekend visitation rights. The defendant did not oppose the plaintiff's request. Indeed, through his attorney, he acknowledged that the stipulation contained a scrivener's error in assigning weekend visitations to the father for every weekend rather than every other weekend. Furthermore, in response to questioning by the court, the defendant stated, consistently, that he had parenting time with the children every other weekend.

On November 26, 2008, the court, *Gordon, J.*, rendered judgment dissolving the parties' marriage. The judgment incorporated the *uncorrected* custody stipulation, ordered alimony and child support, divided the parties' assets and ordered that attorney's fees for both parties be paid from a designated brokerage account. In addition, the court ordered the defendant to indemnify the plaintiff for "any and all future claims, demands and/or suits with respect to any federal, state or municipal income tax claims for any year in which the parties filed a joint income tax return . . . ."

On July 2, 2009, the plaintiff filed an ex parte motion for an order and to clarify postjudgment, alleging that

the defendant had notified her of his intention to begin exercising his visitation rights to have the children every weekend pursuant to the uncorrected custody stipulation. The plaintiff asked the court to clarify its decision to allow her to have parenting time every other weekend, including the weekend of July 3, 4 and 5, 2009. The court, *Schofield, J.*, ordered that the plaintiff have parenting time for that weekend and set a date for a hearing on the clarification issue.

Thereafter, on July 27, 2009, the plaintiff filed a motion to open on the grounds of a scrivener's error or mutual mistake with respect to the parenting time as expressed in the stipulation. The plaintiff alleged that, at all times between the institution of the action and July, 2009, the defendant had exercised his right to parenting time with the children every other weekend. Furthermore, she argued that other paragraphs in the stipulation were inconsistent with the defendant's having parenting time every weekend. On January 5, 2010, the defendant filed an objection and motion to dismiss the plaintiff's motion to clarify and to open the judgment.

At a hearing on the proposed clarification, held on January 5, 2010, the court, *Shay, J.*, determined that the motion for clarification should be addressed to Judge Gordon. In response, on January 25, 2010, Judge Gordon issued a clarification, sua sponte, that the parenting time stipulation, as incorporated into the court's November, 2008 memorandum of decision, should have read: "The minor children shall be with the father every other Friday from 4:00 p.m. until Sunday at 8:00 p.m."

I

AC 31947

The defendant's first appeal challenges the propriety of the January 25, 2010 order. He maintains that the

court's order was improper because it was an untimely modification and because he was not afforded a hearing to contest its merits. A well established standard of review governs our determination of the propriety of Judge Gordon's revision of her November 26, 2008 judgment. "Because [t]he construction of [an order or] judgment is a question of law for the court . . . our review . . . is plenary. As a general rule, [orders and] judgments are to be construed in the same fashion as other written instruments. . . . The determinative factor is the intention of the court as gathered from all parts of the [order or] judgment. . . . The interpretation of [an order or] judgment may involve the circumstances surrounding [its] making . . . . Effect must be given to that which is clearly implied as well as to that which is expressed. . . . The [order or] judgment should admit of a consistent construction as a whole." (Internal quotation marks omitted.) *Bauer* v. *Bauer*, 130 Conn. App. 189. We disagree with both of the defendant's claims of error.

A

Section 46b-56 permits a court to modify child custody and visitation orders at any time. Although the defendant repeatedly raises the specter of a four month jurisdictional limitation[1] on the court's authority to modify the judgment with respect to the custody and visitation orders, in his brief to this court, he correctly concedes that the "court has continuing jurisdiction to modify a visitation order." Even if Judge Gordon's order was timely, the defendant maintains that the court

---

[1] General Statutes § 52-212a provides in relevant part: "Unless otherwise provided by law and except in such cases in which the court has continuing jurisdiction, a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ." See also Practice Book § 17-4.

improperly characterized its order changing the defendant's visitation rights as a clarification rather than as a modification. If, as he argues, it was a modification, it was improper because, prior to modifying an order of child custody, a court must hold a hearing and make the requisite findings of fact. See *Berglass* v. *Berglass*, 71 Conn. App. 771, 782–83, 804 A.2d 889 (2002).

In support of his contention that the court's January 25, 2010 order constituted a modification rather than a clarification, the defendant relies on the language of the original judgment. He maintains that the original order unambiguously gave him parenting time with his children on Friday through Sunday, and that the addition of the words "every other" substantively modifies the judgment. He emphasizes that the plaintiff was unsuccessful in her attempt to obtain a change in the visitation order at the time of the August, 2008 trial. In his view, the court's failure to adopt the requested changes at that time manifests its intent to reject them.

In a related context, our Supreme Court held that "[i]n order to determine the substance of the trial court's actions . . . we begin by examining the definitions of both alteration and clarification. An alteration is defined as [a] change of a thing from one form or state to another; making a thing different from what it was without destroying its identity. Black's Law Dictionary (4th Ed. 1968). An alteration is an act done upon the instrument by which its meaning or language is changed. If what is written upon or erased from the instrument has no tendency to produce this result, or to mislead any person, it is not an alteration. Id. Similarly, a modification is defined as [a] change; an alteration or amendment which introduces new elements into the details or cancels some of them, but leaves the general purpose and effect of the subject-matter intact. Black's Law Dictionary (6th Ed. 1990).

"Conversely, to clarify something means to free it from confusion. Webster's New World Dictionary of the American Language (2d Ed. 1972). Thus, the purpose of a clarification is to take a prior statement, decision or order and make it easier to understand. Motions for clarification, therefore, may be appropriate where there is an ambiguous term in a judgment or decision . . . but, not where the movant's request would cause a substantive change in the existing decision. Moreover, motions for clarification may be made at any time and are grounded in the trial court's equitable authority to protect the integrity of its judgments." (Citation omitted; internal quotation marks omitted.) *In re Haley B.*, 262 Conn. 406, 413, 815 A.2d 113 (2003); *Perugini* v. *Devino*, 111 Conn. App. 436, 443–44, 959 A.2d 1031 (2008).

The defendant cites *In re Haley B.*, supra, 262 Conn. 406, in support of his argument that, in the present case, Judge Gordon's order was a modification rather than a clarification. In that case, our Supreme Court held that a court's postjudgment order granting monthly visitation to the grandparent instead of the weekly visitation awarded in its original judgment was a modification, not a clarification. *In re Haley B.*, is, however, distinguishable because, in that case, there was neither a claim of an ambiguity in the original judgment nor a factual basis for an agreement to monthly visitation.[2]

Because the record in the present case discloses several ambiguities, it supports the court's decision to correct the visitation stipulation. It is uncontested that the stipulation provides for the children to have primary residence with the plaintiff. The defendant's interpretation of the stipulation allows him to have parenting time

---

[2] In fact, in that case the record reflected that the grandparent had "inquired about" weekly visitation. *In re Haley B.*, supra, 262 Conn. 409.

every weekend and Tuesdays and Thursdays, including overnights on those occasions when the defendant has someone available to get the children ready for school. Such an arrangement would be inconsistent with the children having their primary residence with the plaintiff.

Additionally, the stipulation refers to plans for holidays, such as Mother's Day and Father's Day, and provides for special arrangements in case that day "does not fall on *that* parent's weekend . . . ." (Emphasis added.) The stipulation also provides: "In the event any of the holidays or vacations result in one parent being scheduled to have the minor children for three weekends in a row, then the weekend which is not associated with the holiday or vacation period shall go to the parent who does not have them for that holiday or vacation." In these various respects, the terms of the stipulation are inconsistent with the defendant's present position.

Even more important, at the August, 2008 hearing before Judge Gordon, there was no dispute that the stipulation reflected a scrivener's error and that the visitation should be every other weekend. Both the defendant and his attorney stated, on the record, that the defendant had the children with him every other weekend. The defendant's attorney acknowledged that there was a scrivener's error in the stipulation. Although the record does not disclose why the court did not make the requested changes in August, 2008, it provides ample support for the court's decision to issue an order of a clarification on January 25, 2010.

The case law, including this court's recent holding in *Bauer*, makes it clear that the formal title of a motion is not determinative of whether a court's subsequent order is a clarification or a modification. In the present case, the original judgment contained an ambiguity that the court had the authority to correct. Its order fit

readily within the class of permissible clarifications that a court has the authority to enter to "protect the integrity of its judgments." *In re Haley B.*, supra, 262 Conn. 413. We therefore agree with the plaintiff that the January, 2010 order did not modify any of the substantive terms of the prior judgment but clarified an ambiguity therein.

## B

Alternatively, the defendant argues that, even if it was proper for the court to have found an internal inconsistency in the original judgment, the court should have held a hearing (1) to determine the parties' actual intentions with respect to the weekend visitation or (2) to decide whether the clarified order was in the best interest of their children. Under the circumstances of this case, we are not persuaded that a hearing was required.

The defendant's first argument is unsustainable because it is inconsistent with his position as documented elsewhere in the record of this case. Prior to this appeal, the defendant *never* objected to the plaintiff's request to correct the court order to provide for visitation every other weekend. In open court, before Judge Gordon and in the defendant's presence, the defendant's attorney *agreed* with the plaintiff's request to correct the order. The defendant did not, in any fashion, or at any time, dispute the inaccuracy of the original order. In the absence of any controversy about what the parties had intended in their stipulation, there was no issue that the court had to resolve at a hearing.

Alternatively, the defendant maintains that, even if the court's order was a clarification, the court was required to hold a hearing because the court should not have altered the children's custodial arrangements without hearing argument about whether the clarified order was in the children's best interest. We need not

decide, in this case, whether a judicial clarification might not, under some circumstances, make such a hearing appropriate. On the present record, however, at the time of the judgment of dissolution, the parties had agreed that the children would spend every other weekend with the defendant. Rectification of the improper recordation of this agreement did not alter its substance. There was, therefore, no need for the court to inquire further into the best interests of the children.[3]

## II

### AC 32485

On March 15, 2010, the plaintiff filed a second motion for clarification postjudgment, asking the court to clarify its judgment to hold the plaintiff harmless from a liability listed on the defendant's financial affidavit. In the dissolution judgment, the court had ordered the defendant to indemnify the plaintiff with respect to any tax claims for any year in which the parties had filed a joint income tax return. After holding a hearing, Judge Gordon, on June 30, 2010, issued a clarification. Stating that it had been the court's original intention to leave the parties responsible for the liabilities listed on their respective financial affidavits, the court clarified its memorandum of decision to include an order to that effect and further specified that each of them was required to "indemnify and hold harmless the other thereon."

The defendant's second appeal challenges this order of clarification on two grounds. He maintains that the

---

[3] We note that either party could, at any time, file a motion for modification of the children's custodial arrangements. Indeed, the record indicates that the plaintiff has filed a motion to obtain sole custody of the children. At the time of issuance of this opinion, a hearing on that motion had been scheduled for July, 2011.

order (1) was not a clarification but instead was a modification that improperly altered the resolution of the parties' property and financial issues in the dissolution judgment, and (2) was untimely because it was rendered more than four months after the date of the dissolution judgment. Because both claims raise issues of law, they are entitled to plenary review. See *Bauer* v. *Bauer*, supra, 130 Conn. App. 189. We agree with the defendant.

The record discloses that, in the defendant's submissions at the dissolution trial, he had listed as a liability an agreement that allegedly entitled his parents to exercise an option, in exchange for startup capital, to collect 90 percent of the profits from an investment the defendant had made. The plaintiff and the defendant jointly were liable for this contingent liability.[4] The plaintiff did not list the option agreement on her financial affidavit. The court's financial orders did not address the option agreement. Apparently, an effort by the defendant's parents to collect their share of the profits under the option agreement from the plaintiff prompted the plaintiff to file a motion for clarification with the court.

In *Bauer* v. *Bauer*, supra, 130 Conn. App. 185, this court recently restated the ground rules that govern motions for clarification with respect to property divisions in marital dissolution cases. This court held that "[u]nder Practice Book [§ 17-4], a civil judgment may be opened or set aside . . . [when] a motion seeking to do so is filed within four months from the date of its rendition. . . . Absent waiver, consent or other submission to jurisdiction, however, a court is without jurisdiction to modify or correct a judgment, *in other than clerical respects*, after the expiration of [that four month period] . . . . Even beyond the four month time frame set forth in Practice Book § 17-4, however, courts

---

[4] The agreement was signed by both the plaintiff and the defendant at a time when they were living in California, a community property state.

have continuing jurisdiction to fashion a remedy appropriate to the vindication of a prior . . . judgment . . . pursuant to [their] inherent powers . . . . When an ambiguity in the language of a prior judgment has arisen as a result of postjudgment events, therefore, a trial court may, at any time, exercise its continuing jurisdiction to effectuate its prior [judgment] . . . by interpreting [the] ambiguous judgment and entering orders to effectuate the judgment as interpreted . . . . In cases in which execution of the original judgment occurs over a period of years, a motion for clarification is an appropriate procedural vehicle to ensure that the original judgment is properly effectuated. . . . Motions for clarification may not, however, be used to modify or to alter the substantive terms of a prior judgment . . . and we look to the substance of the relief sought by the motion rather than the form to determine whether a motion is properly characterized as one seeking a clarification or a modification." (Emphasis added; internal quotation marks omitted.) Id., 188–89.

The timeliness of the plaintiff's motion turns, therefore, on whether the court properly characterized its order as a clarification, rather than a modification. The defendant argues that the order was not a clarification because the court did not identify any apparent ambiguity in its earlier judgment. The defendant further maintains that there was no latent ambiguity in an order requiring him to hold the plaintiff harmless only with respect to income tax claims.

In response, the plaintiff relies on *Mickey* v. *Mickey*, supra, 292 Conn. 604, and *Holcombe* v. *Holcombe*, 22 Conn. App. 363, 576 A.2d 1317 (1990), to support her claim that the court's order was proper. We agree with the defendant that these cases are distinguishable.

In *Mickey*, our Supreme Court held that the defendant properly requested a clarification to ascertain whether

the trial court's division of his retirement benefits included subsequent disability benefits that were not anticipated at the time of trial. *Mickey* v. *Mickey*, supra, 292 Conn. 606–607. In that case, "the defendant asserted that there was an ambiguity as to whether the trial court intended the term 'monthly retirement benefit' to include his disability benefits, which ambiguity arose from the legal question of whether disability benefits are marital property subject to distribution." Id., 605. The plaintiff has not identified any such legal question or latent ambiguity in the court's original order in the present case.

In *Holcombe*, the court dealt with the inverse of the present case. In that case, the plaintiff listed as a liability on his financial affidavit a second mortgage taken in his name only. *Holcombe* v. *Holcombe*, supra, 22 Conn. App. 364–65. When the plaintiff insisted that the proceeds from the sale of the marital home be used to cover the second mortgage, the defendant filed a motion for clarification. Id. The trial court held that, in the original judgment, it specifically had enumerated those debts that were to be paid with the proceeds of the sale, and that its failure to include the second mortgage in that list manifested its intention to allocate that liability to the plaintiff. Id., 365. This court concluded that the clarification was proper: "The court's clarification order merely determined that the original judgment intended to make the parties separately responsible for items not specifically listed. The court's determination that these carrying charges were not so specifically listed did not alter the property division or result in a modification of the original judgment." Id., 366.

Unlike the facts of *Holcombe*, Judge Gordon's original dissolution judgment did *not* manifest any intention to have each party be responsible for the liabilities listed on their financial affidavits. Our holding in *Bauer* makes it clear that "we look to the substance of the relief

sought by the motion rather than the form to determine whether a motion is properly characterized as one seeking a clarification or a modification." (Internal quotation marks omitted.) *Bauer* v. *Bauer*, supra, 130 Conn. App. 188–89. The underlying judgment in the present case contains no provision concerning the parties' liabilities except for the order expressly requiring the defendant to indemnify the plaintiff for any tax liabilities arising out of jointly filed returns. Unlike the order at issue in *Holcombe*, the court's order of clarification in this case, if sustained, would impose an indemnification obligation on the defendant to which the underlying judgment does not expressly or impliedly refer.

We therefore agree with the defendant that the trial court in this case did not have the authority to issue, as a clarifying order, its modification of the dissolution judgment with respect to the division of the parties' property. The absence of reference to the option agreement in the dissolution judgment did not create an ambiguity in the judgment. We agree with the defendant that, without the predicate ambiguity in the court's property orders, the court's order requiring the defendant to indemnify the plaintiff with respect to the option agreement was a modification rather than a clarification of its prior judgment.

The court's authority to modify a judgment is, however, subject to statutory time constraints. As a rule, General Statutes § 52-212a provides that "a civil judgment or decree rendered in the Superior Court may not be opened or set aside unless a motion to open or set aside is filed within four months following the date on which it was rendered or passed. . . ." The plaintiff has not contested the propriety of the defendant's argument that, in this case, the court lacked the authority to modify its prior property order at the time of its decision. We agree, therefore, with the defendant, that the

court's order imposing liability on the defendant with respect to the option agreement must be set aside.

In AC 31947, the January 25, 2010 judgment clarifying the visitation order is affirmed. In AC 32485, the June 30, 2010 judgment granting the plaintiff's motion for clarification as to the division of the parties' property is reversed and the case is remanded with direction to deny that motion.

In this opinion the other judges concurred.