******************************************************

The "officially released" date that appears near the beginning of each opinion is the date the opinion will be published in the Connecticut Law Journal or the date it was released as a slip opinion. The operative date for the beginning of all time periods for filing postopinion motions and petitions for certification is the "officially released" date appearing in the opinion.

All opinions are subject to modification and technical correction prior to official publication in the Connecticut Reports and Connecticut Appellate Reports. In the event of discrepancies between the advance release version of an opinion and the latest version appearing in the Connecticut Law Journal and subsequently in the Connecticut Reports or Connecticut Appellate Reports, the latest version is to be considered authoritative.

The syllabus and procedural history accompanying the opinion as it appears in the Connecticut Law Journal and bound volumes of official reports are copyrighted by the Secretary of the State, State of Connecticut, and may not be reproduced and distributed without the express written permission of the Commission on Official Legal Publications, Judicial Branch, State of Connecticut.

******************************************************

DEVLIN, J., dissenting. The appeal in this case arises from the trial court's denial of the motion for contempt filed by the defendant, Stacey Tannenbaum. In her motion for contempt, the defendant asserted that, on five occasions over a period of approximately one year, the plaintiff, Leonard Tannenbaum, did not personally accompany the parties' minor child on air travel between Connecticut and Florida due to work commitments. At the time that the contempt motion was filed, the operative parenting time order was the January 29, 2018 order entered by the court, *Colin, J.* On July 5, 2019, the court, *Truglia, J.,* denied the defendant's motion for contempt after finding that, although the plaintiff had violated Judge Colin's order, such violation was not wilful. The order further provided: "The plaintiff is ordered, however, to abide strictly with the court's orders henceforth requiring him to be the person who travels by air with the child except in the case of emergency, not his convenience." It is from this order that the plaintiff appeals.

The majority aptly summarizes the procedural history of the parenting time orders issued by Judges Colin and Truglia, as well as the details of Judge Colin's January 29, 2018 order. I agree that the construction of the two orders are questions of law for the court and that our standard of review is plenary. I also agree that in determining whether Judge Truglia's 2019 order constituted a modification or a clarification of Judge Colin's 2018 order, it is appropriate to examine the practical effect of one order on the other. In that regard, I also agree that "[t]he determinative factor is the intention of the court as gathered from all parts of the [order or] judgment. . . . Effect must be given to that which is clearly implied as well as to that which is expressed. . . . The [order or] judgment should admit of a consistent construction as a whole." (Internal quotation marks omitted.) *Lawrence* v. *Cords*, 165 Conn. App. 473, 485, 139 A.3d 778, cert. denied, 322 Conn. 907, 140 A.3d 221 (2016).

In his 2018 order, Judge Colin found that it was "in the best interests of this child for his parent to accompany him on air travel, whenever possible, unless emergency circumstances arise that would cause the child to miss entirely his alternate weekend parenting time with the plaintiff." The majority accurately emphasizes the "emergency circumstances" language in the finding. Likewise, the majority emphasizes that portion of Judge Colin's order finding that the "nanny or driver who testified in court are reasonable substitutes to step in, on an emergency and limited basis only, to accompany the child to/from Florida."

On the basis of these findings, the majority concludes

that the exception allowing the nanny or the driver to accompany the child applied only in emergency circumstances and that Judge Truglia's 2019 order simply made that clear. Considering Judge Colin's 2018 order as a whole, however, I see it as allowing accompaniment by the nanny or the driver in circumstances beyond emergencies. There is a thread through Judge Colin's findings and his ultimate order demonstrating the court's intention to foster the development of a father/son relationship between the plaintiff and his child. The court observed that the original order[1] resulted in the plaintiff missing some parenting time. The court further noted the importance to the young child of regular and consistent parenting time with his father. At the conclusion of its findings, the court emphasized the importance of flexibility and trust in a coparenting relationship and encouraged the defendant to trust the plaintiff to make the decision to have the nanny or the driver substitute for him during his parenting time "in the limited circumstances contemplated by this decision (health, work or other family related emergency or commitment)." Likewise, the actual order entered by the court provides: "[I]n the event that the [plaintiff] is unable to travel by air with the child for his weekend or holiday parenting time due to a health/work/other family emergency *or commitment*, then he shall immediately so notify the [defendant] in writing and by phone of the circumstances and who will be traveling with the child . . . . It seems unlikely that these types of emergencies *or commitments* will frequently arise." (Emphasis added.)

The majority construes Judge Truglia's 2019 order as a clarification of Judge Colin's 2018 order, concluding: "[T]he 2018 order did not provide a broad exception for any work, health or family commitment, but rather one for emergencies which may occur in limited circumstances." This construction seems to me to be at odds with the actual language of Judge Colin's order, the parties' understanding of that order, and, most importantly, the best interest of the minor child. Accordingly, I respectfully dissent.

In examining Judge Colin's 2018 order, a reasonable first step is to look at the meaning of the words that he used in his order, namely, "emergency" and "commitment." "Emergency" is defined as "an unforeseen combination of circumstances or the resulting state that calls for immediate action"; Merriam-Webster's Collegiate Dictionary (11th Ed. 2003) p. 407; while "commitment" is defined as "an agreement or pledge to do something in the future." Id., p. 250. Therefore, emergencies are unforeseen and require immediate action whereas commitments are promises of future conduct. The terms describe entirely different types of situations, and Judge Colin provided for both in his order.

In his motion to modify, the plaintiff sought unfet-

tered ability to have the child's nanny or his driver accompany the child on air travel. Judge Colin's order did not go that far, but, as written, it was not limited only to emergencies. As previously discussed, the order clearly contemplated an exception, albeit to be invoked infrequently, for commitments as well. Judge Truglia conflated these two separate exceptions in his order, in which he states: "[Judge Colin's order] states unambiguously that the [plaintiff] will accompany the child on airline flights, not the nanny or driver, unless he is unable to 'due to a health/work/other family emergency.' There was no emergency and therefore no exception over [the dates listed in the contempt motion]." By limiting the exception to emergencies only, Judge Truglia failed to consider the alternative exception for designated commitments that is plainly part of the order. Based on the defendant's motion for contempt, it is evident that the parties understood Judge Colin's order as applying to nonemergency situations. The defendant's motion repeatedly makes reference to various instances in which the plaintiff asserted a "work conflict" or "work commitment" as a reason not to accompany the child on air travel. The defendant's assertion, and basis for the motion for contempt, was not that these instances did not qualify as emergencies but, rather, that these work conflicts were either (1) not on Sunday travel days, or (2) related to parenting time scheduled months in advance. This interpretation was in accord with the language of the order that provided for a commitment exception, as previously discussed. Moreover, this interpretation was shared by both the plaintiff's lawyer and the court-appointed guardian ad litem who, as noted by Judge Truglia, advised the plaintiff that his conduct was in compliance with Judge Colin's order.

Our Supreme Court has observed that "a modification is defined as [a] change; an alteration or amendment which introduces new elements into the details, or cancels some of them, but leaves the general purpose and effect of the subject-matter intact. . . . Conversely, to clarify something means to free it from confusion. . . . Thus, the purpose of a clarification is to take a prior statement, decision or order and make it easier to understand. Motions for clarification, therefore, may be appropriate where there is an ambiguous term in a judgment or decision . . . but, not where the movant's request would cause a substantive change in the existing decision." (Citations omitted; internal quotation marks omitted.) *In re Haley B.*, 262 Conn. 406, 413, 815 A.2d 113 (2003).

By restricting the exception to emergencies only, Judge Truglia cancelled the commitment aspect of the order. This was a substantive change and a modification of Judge Colin's order. It was not a clarification. As the majority emphasizes, clarification is appropriate when there is an ambiguous term in a judgment or decision.

See id. Indeed, the case cited by the majority, *Perry* v. *Perry*, 130 Conn. App. 720, 24 A.3d 1269 (2011), is just such a case. In *Perry*, the parties had agreed that the father would have visitation with the minor children every other weekend, but, due to a scrivener's error, the judgment provided that the father would have visitation every weekend. Id., 722. When the error was brought to the attention of the trial court, the judgment was clarified to reflect every other weekend visitation. Id., 723. On appeal, this court noted the ambiguities in the judgment and rejected the father's claim that the clarification was, in fact, an improper modification. Id., 726–27. Likewise, in *Bauer* v. *Bauer*, 308 Conn. 124, 126, 60 A.3d 950 (2013), the parties had agreed to split equally the defendant's pension. In its memorandum of decision, however, the trial court did not enter any orders regarding the pension. Id., 127. Our Supreme Court ruled that a subsequent order requiring the defendant to split his pension with the plaintiff constituted a clarification of the judgment, as opposed to a modification. Id., 129.

On the other hand, where a subsequent order causes a substantive change in an earlier order, such subsequent order modifies rather than clarifies the earlier order. See *Perry* v. *Perry*, supra, 130 Conn. App. 726; see also *In re Haley B.*, supra, 262 Conn. 414 (holding that trial court's ruling decreasing visitation from once per week to once per month constituted modification of original decision); *Almeida* v. *Almeida*, 190 Conn. App. 760, 768, 213 A.3d 28 (2019) (holding that trial court's order expanding defendant's obligation regarding property transfer from quitclaiming his interest to taking steps to ensure that plaintiff acquired 100 percent interest in property amounted to improper modification of marital dissolution judgment).

Judge Colin's 2018 order provided the plaintiff with the ability, under certain nonemergency conditions, to have the child's nanny or his driver accompany the minor child on air travel. Judge Truglia's order took that away, and, in so doing, Judge Truglia modified Judge Colin's order.[2] Construed as a modification, Judge Truglia's order was improper because it contained no findings as to the best interests of the minor child. It is well established that in ruling on a motion to modify visitation, "the trial court shall be guided by the best interests of the child . . . ." (Internal quotation marks omitted.) *Balaska* v. *Balaska*, 130 Conn. App. 510, 515–16, 25 A.3d 680 (2011); see *Stahl* v. *Bayliss*, 98 Conn. App. 63, 68, 907 A.2d 139 ("[i]t is statutorily incumbent upon a court entering orders concerning . . . visitation or a modification of such order to be guided by the best interests of the child" (internal quotation marks omitted)), cert. denied, 280 Conn. 945, 912 A.2d 477 (2006); see also *Kelly* v. *Kelly*, 54 Conn. App. 50, 57, 732 A.2d 808 (1999) (holding that trial court improperly granted motion to modify visitation without hearing

and evidence concerning children's best interests).

In the present case, the trial court made no findings regarding the best interests of the child, nor did it receive any evidence from the guardian ad litem. This is significant because the more restrictive order entered by Judge Truglia may or may not be in the child's best interests. The majority notes the comment by Judge Truglia that, given the plaintiff's responsibilities, to construe Judge Colin's order as including commitments would render his order completely meaningless. In my view, to address his concern regarding the "commitment" language in the order, Judge Truglia should have advised the parties that he was considering modifying the order and conducted a hearing at which the parties and guardian ad litem could testify, and, after which, the court could make findings as to what was in the best interests of the child. It is not inconceivable that, following such a hearing, the judge might be persuaded that the "commitment" exception did not render Judge Colin's order meaningless, but, rather, represented the judge's effort to foster a meaningful and nurturing relationship between this young boy and his busy father who lives 1300 miles away.

Because such a hearing did not take place, I respectfully dissent.

[1] That order provides in relevant part that, "[u]nless the parties otherwise agree in writing, a parent shall accompany the minor child on any airline travel."

[2] I agree that the plaintiff pushed the limits of Judge Colin's 2018 order—possibly beyond its intended scope. Nevertheless, if, following the hearing on the defendant's contempt motion, Judge Truglia had ordered that only commitments on travel days counted as an exception, that would have constituted a clarification. Judge Truglia's ruling, however, went much further and eliminated the commitment exception entirely. This, in my view, constitutes a modification.